# THE UNITED STATES OF AMERICA *vs.* MANUEL PEREZ and AUGUSTA WALSH.

## September 10, 1908.

*Jurisdiction of the United States, the States and Territories over the same criminal act:* Although the same act may constitute an offense both against the United States and one of its States and be punished independently by each government, the same rule does not hold as to an act which is an offense against the United States and one of its Territories, in that the government of a Territory, unlike a State, derives its powers from the United States.

*Conviction or acquittal in a territorial court as a bar to a trial for the same offense in a federal court:* It therefore follows that an acquittal or conviction in a court of the Territory of Hawaii on a charge of adultery, which is an offense in all the Territories of the United States by the federal laws, and in the Territory of Hawaii by the continuance in force of the law of the Republic of Hawaii on the subject by Congress in the organic act, is a bar to a trial of the same charge in the federal court of such Territory; inasmuch as both courts derive their authority from the United States.

*Criminal Law* :   Plea in bar.

*W. T. Rawlins,* Ass't. U. S. District Attorney, for the Plaintiff.

*J. A. Magoon,* Attorney for Defendants.

DOLE, J.   The defendants in this case are charged with adultery and plead in bar an acquittal in a territorial court on the same charge and covering the same period.   This is contested on the ground that an acquittal in a territorial court is not a bar to a trial of a charge of the same case as a federal offense.   Former decisions in this court have been cited. *United States v. Kunda and Haro,* (Case No. 52, decided November 4, 1901) ; also *United States v. Lee Sa Kee,* ante p. 262. In this last case, which was decided on demurrer last January, one of the grounds of demurrer was that the crime of adultery was punishable under the laws of the Territory of Hawaii and

that it was therefore not punishable under the federal law, and it was urged that if it was punishable under both laws persons would be liable to be tried twice for the same act, against the rule against placing one twice in jeopardy. The court ruled in that case that both laws were in force and cited the *Murphy Case,* 40 Pac. 398, that although one might be liable to be tried twice for the same act, it would in fact be trials for two offenses, for violating a federal statute and for violating a territorial statute.

It is established law that the same act may constitute an offense against the United States and a State "subjecting the guilty party to punishment under the laws of each government; and may embrace two or more offenses." *Crossley v. California,* 168 U. S. 640, 641; *Cross v. North Carolina,* 132 Id. 131, 138; *Moore v. Illinois,* 55 Id. 13, 19-20.

As a rule, these cases in which punishments may be inflicted for the same act under two jurisdictions, are cases in which, although the act is the same, the offense is somewhat different; for instance, resisting a United States marshal, an offense against the United States, and assault and battery or riot, an offense against the State. It also appears to be vaguely conceded that an offense which is the same as to both sovereignties may be punished by them both, yet the expression as to such a rule is rare and unsatisfactory. Although the law recognizes the right of separate trials and punishments for the same act by the United States and a State, yet, the sentiment, coming down from old common law times against placing a man twice in jeopardy for the same offense, is so strong that the Supreme Court of the United States recognizes such action as exceptional and only excusable "in instances of peculiar enormity or where the public safety demanded extraordinary rigor." *Fox v. Ohio,* 46 U. S. 410, 434.

Is a Territory in the same class with a State in this question? The case of *In re Murphy,* supra, would seem to support such a view and the case of *Moore v. Illinois,* supra, would also seem to incline to that view, as it uses the expression "every citizen

of the United States is also a citizen of a State or Territory. He may be said to owe allegiance to two sovereigns and may be liable to punishment for an infraction of the laws of either."

The recent case of *Grafton v. United States,* 206 U. S. 333, would, however, seem to throw new light on the situation, or, perhaps it may be said more correctly, to have made an advance in the law of this question. The case was that of a soldier in the Philippine Islands who, while in the discharge of his duty as a sentry, shot a Filipino. He was tried by court martial under the military regulations and acquitted. He was afterwards arrested and tried by one of the courts of the Philippines and convicted. The case was carried to the Supreme Court of the Philippines where the judgment was affirmed, the plea of double jeopardy being overruled by that court. The case then went to the Supreme Court of the United States which made the following rulings in its decision:

"A civil court proceeding under the authority of the United States cannot withhold from an officer or soldier of the army the full benefit of that guaranty, after he has been once tried in a military court of competent jurisdiction. Congress, by express constitutional provision, has the power to prescribe rules for the government and regulation of the army, but those rules must be interpreted in connection with the prohibition against a man's being put twice in jeopardy for the same offense. The former provision must not be so interpreted as to nullify the latter. If, therefore, a person be tried for an offense in a tribunal deriving its jurisdiction and authority from the United States and is acquitted or convicted, he cannot again be tried for the same offense in another tribunal deriving its jurisdiction and authority from the United States. (Page 352.) * * * We rest our decision of this question upon the broad ground that the same acts constituting a crime against the United States cannot, after the acquittal or conviction of the accused in a court of competent jurisdiction, be made the basis of a second trial of the accused for that crime in the same or in another court, civil or military, of the same government. Congress has chosen, in its discretion, to confer upon general courts-martial authority to try an officer or soldier for any crime, not capital, committed by him in the territory in which

he is serving. When that was done the judgment of such military court was placed upon the same level as the judgments of other tribunals when the inquiry arises whether an accused was, in virtue of that judgment, put in jeopardy of life or limb. (Page 352.)

" The government of a State does not derive its powers from the United States, while the government of the Philippines owes its existence wholly to the United States, and its judicial tribunals exert all their powers by authority of the United States. The jurisdiction and authority of the United States over that territory and its inhabitants, for all legitimate purposes of government, is paramount. So that the cases holding that the same acts committed in a State of the Union may constitute an offense against the United States and also a distinct offense against the State, do not apply here, where the two tribunals that tried the accused exert all their powers under and by authority of the same government—that of the United States." (Pages 354-355.)

The expression repeated and emphasized that a person tried for an offense in a tribunal deriving its jurisdiction and authority from the United States and acquitted or convicted can not be tried again for the same offense in another tribunal deriving its jurisdiction and authority from the United States, applies, so far as I can see at the present time, directly and definitely to the status of the territorial and the federal courts of this Territory. The organic act continued in force the law prohibiting adultery, which was the law of the Republic of Hawaii, and made it a territorial statute. If, therefore, this court is correct in its former rulings that both the federal and the territorial statute punishing adultery are in force, it follows from the authority of *Grafton v. The United States,* that both tribunals, deriving their jurisdiction on this subject and their authority from the United States, a judgment of one court must be a bar to a trial of the same offense in the other.

The plea in bar is allowed.