Edwin B. BUTLER, Appellant,

v.

UNITED STATES of America, Appellee.

No. 8674.

United States Court of Appeals
Tenth Circuit.

June 8, 1966.

James M. Barnett, Shawnee Mission, Kan., for appellant.

Benjamin E. Franklin, Asst. U. S. Atty. (Newell A. George, U. S. Atty., on the brief), for appellee.

Before BREITENSTEIN and HILL, Circuit Judges, and LANGLEY, District Judge.

BREITENSTEIN, Circuit Judge.

Appellant was sentenced to three years imprisonment on his plea of guilty to a charge of violation of the Dyer Act, 18 U.S.C. § 2312. The district court treated confused and irregular filings by appellant as a motion for relief under 28 U.S.C. § 2255 and denied such relief without an evidentiary hearing. Appellant claims that the guilty plea was not entered voluntarily and that at the time of the plea he was mentally incompetent.

On the first appearance of appellant before the district court his appointed counsel told the court that appellant had a history of mental illness and requested a psychiatric examination. The court ordered appellant to be examined in the Medical Center for Federal Prisoners at Springfield, Missouri. Doctors of that institution, after examination of the appellant, made a written report to the district court in which they stated their diagnosis as "Schizophrenic Reaction, Paranoid Type, in partial remission" and that this condition "does not affect him to the extent that he is unable to assist in his defense and cooperate with counsel." On the basis of this report, and without any hearing, the district court proceeded with the arraignment and imposed sentence.

We have held repeatedly that when one of the grounds asserted for relief is mental incompetence at the time of a guilty

plea, a § 2255 motion may not be disposed of without a hearing. See McDonald v. United States, 10 Cir., 341 F.2d 378; Nipp v. United States, 10 Cir., 324 F.2d 711; and Ellison v. United States, 10 Cir., 324 F.2d 710. The district court sought to avoid the effect of those decisions by holding that the files and records of the case show conclusively that the motion is without merit. This result places full reliance on the written report of the Springfield doctors. The appellant is entitled to an opportunity to cross-examine those doctors and to present evidence of his own as to his mental condition.

Reversed and remanded with directions to grant appellant a hearing.