446 P.2d 442

STATE of New Mexico, Plaintiff-Appellee,

v.

Willie GARCIA, Defendant-Appellant.

No. 8608.

Supreme Court of New Mexico.

Oct. 28, 1968.

Thomas A. Donnelly, Santa Fe, for defendant-appellant.

Boston E. Witt, Atty. Gen., David R. Sierra, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

COMPTON, Justice.

Appellant appeals from an order denying post conviction relief under Rule 93, § 21-1-1(93), N.M.S.A. 1953. The single point urged for a reversal of the order reads:

"Defendant's conviction was obtained as the result of evidence secured through an illegal detention and arrest of defendant without probable cause and without obtaining in advance a warrant for defendant's arrest or a search warrant, although ample opportunity and time existed for police officers to obtain such warrants."

Following his conviction in the district court, appellant took an appeal, State v. Garcia, 76 N.M. 171, 413 P.2d 210, where the facts surrounding his arrest and detention are stated, and we quote:

"The record discloses that at about 7:00 p. m. on August 12, 1964, two deputy sheriffs, a state policeman and another officer were together in front of Tiny's Lounge on Water Street in Santa Fe when an unknown informer approached them and stated that in the Union Bus Depot, a little further up Water Street, he had overheard a conversation between Willie Garcia and a negro male, 'and that they were making some sort of deal.' While the informer was still standing with the officers, Garcia and another man—it was later determined that he was colored—came out of the bus station and drove away in a Buick car which was pointed out by the informer. The two deputies then got into their car, and the state policeman and the other officer got in another car and followed. They observed the Buick when it stopped at an apartment and Garcia got out and went inside. He stayed inside only about two minutes when he came out and got back in the Buick, which then backed out of the driveway where it was parked, and proceeded south on Rosario Street, followed by the officers in their two cars. The Buick turned east on Johnson Street, then north on Grant Avenue. Just before the Buick reached Marcy Street, state policeman Martinez signaled the deputies to speed up and pass him, and then yelled at them to stop the Buick which had just turned east on Marcy. The deputies passed and just before reaching the intersection of

Lincoln and Marcy Streets, they drove in front of the Buick and stopped. The other car of officers stopped in back of the Buick.

"The deputies got out of their car and approached the Buick—one on each side—identified themselves, and advised the occupants that they were under arrest. Defendant and his companion then got out of their car and were handcuffed and searched. All the cars stopped at the same time, and the officer riding with the state policeman immediately pointed to a package on the ground and stated that Garcia had thrown it out of the car. The state policeman also stated that he had seen Garcia throw the package from the car. One of the deputies picked up the package which was wrapped in newspaper and tied with a black thread, and opened it. It contained something that the deputy described as appearing to be 'marijuana, flakes and seeds.' Defendant Garcia testified the package did not belong to him; he did not know what was in it, and that he had thrown it out at the direction of his companion, Jim Wade."

Based on the foregoing facts, we concluded that the evidence utilized was not the fruits of the arrest and that it made no difference that appellant's arrest may have been illegal. See Terry v. State of Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889, (1968).

At the hearing, the testimony with regard to the evidence being secured through an illegal arrest and detention was a renewal and rehash of the evidence previously considered and disposed of adversely to appellant. Accordingly, the point is ruled against him. Compare State v. Fines, 78 N.M. 737, 437 P.2d 1006; State v. Ramirez, 78 N.M. 418, 432 P.2d 262; State v. Gibby, 78 N.M. 414, 432 P.2d 258.

The judgment should be affirmed.

It is so ordered.

CHAVEZ, C. J., and MOISE, J., concur.