**Willie GARCIA, Appellant,**

v.

**J. E. BAKER, Warden, Appellee.**

No. 186–69.

United States Court of Appeals,
Tenth Circuit.

Feb. 11, 1970.

Brian H. Upp, Oklahoma City, Okl.,
for appellant.

Joseph F. Baca, Sp. Asst. Atty. Gen., Albuquerque, N. M. (James A. Maloney, Atty. Gen., Santa Fe, N. M., with him on the brief), for appellee.

Before HICKEY and HOLLOWAY, Circuit Judges, and EUBANKS, District Judge.*

HICKEY, Circuit Judge.

Appellant Garcia filed a motion under 28 U.S.C. § 2254 which presented as an issue the admissibility of evidence during his trial in a state district court. A jury found him guilty whereupon he was sentenced as a habitual criminal under the New Mexico Code. The Supreme Court of New Mexico affirmed the conviction and sentence. State v. Garcia, 76 N.M. 171, 413 P.2d 210 (1966).

Garcia then petitioned for relief under the state postconviction rule 93, § 21–1–1(93) New Mex.Stat.Ann. (1953). The trial court denied the petition and the Supreme Court of New Mexico affirmed. State v. Garcia, 79 N.M. 575, 446 P.2d 442 (1968). This procedure exhausted state remedies.

The issues tendered to the federal district court in the § 2254 motion were:

(1) Was Garcia's arrest illegal on the ground that it was effected without probable cause?

(2) Was a package of marijuana erroneously admitted at the trial on the ground that it constituted a fruit of the unlawful action of the arresting officer?

The lower court reviewed the transcripts of both state court proceedings together with the above cited decisions of the state supreme court and denied the relief petitioned for under § 2254.

On direct appeal of the conviction the New Mexico Supreme Court considered as one of the issues presented to it, whether the package of marijuana should be suppressed as the fruit of an illegal search because the arrest was made without probable cause. The court recites the facts adduced at the trial in

* Sitting by designation.

detail. Garcia, *supra*, 413 P.2d at 211, 212.

The pertinent facts elicited and relied upon by Garcia disclose that local officers received a tip from an unidentified informer that a marijuana transaction was being negotiated at a bus terminal in Santa Fe, New Mexico. While this information was being given, an automobile passed by and the informer identified the occupants as the persons he overheard negotiating the marijuana transaction. The officers separated in two automobiles and proceeded to follow the identified automobile. A surveillance of the actions of Garcia and his associate disclosed a brief stop and entrance of Garcia into an apartment in the city. When Garcia returned to the automobile the surveillance continued until the officers stopped the car. Before alighting from the police car the officers saw Garcia throw a package out of the car onto the ground. One officer retrieved the package which contained the marijuana evidence introduced at the trial. Almost simultaneously Garcia was arrested by the other officers.

In answering the claim of error charged on direct appeal, the court quoted from a Tenth Circuit case: " 'As the evidence was obtained prior to and independent of arrest, the arguments of counsel as to the legality of the arrest merit no consideration.' " Garcia, *supra*, 413 P.2d at 213. ·

In the state post-conviction proceeding the single point urged was: " 'Defendant's conviction was obtained as the result of evidence secured through an illegal detention and arrest of defendant without probable cause and without obtaining in advance a warrant for defendant's arrest or a search warrant, although ample opportunity and time existed for police officers to obtain such warrants.' " Garcia, *supra*, 446 P.2d at 442.

In its decision reviewing the denial of post-conviction relief the Supreme Court of New Mexico reiterated the facts set forth in its prior opinion. The court then said: "At the hearing, the testimony with regard to the evidence being se-cured through an illegal arrest and detention was a renewal and rehash of the evidence previously considered and disposed of adversely to appellant." Garcia, *supra*, 446 P.2d at 443.

The federal district court in denying the relief which generated this appeal presumed the factual determination twice made by the highest court of the state was correct in accordance with the language of § 2254(d) as amended November 2, 1966. It also examined the complete transcripts of both previous state hearings to determine the sufficiency of the evidence to support the state court's determination. The trial court, satisfied that the state hearing evidenced that Garcia's constitutional rights had been adequately considered and protected, denied the relief.

We examined the state transcripts and the opinions of the New Mexico Supreme Court and agree with the trial court's determination.

■ "[I]n absence of an applicable federal statute the law of the state where an arrest without warrant takes place determines its validity." United States v. Di Re, 332 U.S. 581, 589, 68 S. Ct. 222, 226, 92 L.Ed. 210 (1948). The New Mexico Supreme Court has made the determination construing its state's law. The trial court found, and we agree, that the determination of the Supreme Court of New Mexico settled the question.

We recognize an effort to torture the facts presumed to be correct under § 2254(d) in an effort to fit them under a rule inapplicable to those facts. Garcia urges Henry v. United States, 361 U.S. 98, 80 S.Ct. 168, 4 L.Ed.2d 134 (1959) controls the issue here presented. The majority stated in that case, "The prosecution conceded below, and adheres to the concession here, that the arrest took place when the federal agents stopped the car." Henry, *supra*, at 103, 80 S.Ct. at 171. The dissent filed in *Henry* says: "While the Government, unnecessarily it seems to me, conceded that the arrest was made at the time the car was stopped, this Court is not bound by the

Government's mistakes." Henry, *supra*, at 104–105, 80 S.Ct. at 172.

In this case there was no concession regarding the time of arrest. The Supreme Court of New Mexico, examining the record of the trial court, determined on the facts that the arrest came after the voluntary disposal of the questioned evidence by Garcia and therefore was not connected with the arrest. The court's determination does not torture the record.

"It has long been settled that objects falling in the plain view of an officer who has a right to be in the position to have that view are subject to seizure and may be introduced in evidence." Harris v. United States, 390 U.S. 234, 236, 88 S.Ct. 992, 993, 19 L.Ed.2d 1067 (1968). *See* Jackson v. United States, 112 U.S.App.D.C. 191, 301 F.2d 515 (1962), cert. denied, 369 U.S. 859, 82 S.Ct. 947, 8 L.Ed.2d 17 (1962).

We therefore affirm the court below and hold relief was properly denied.

Affirmed.