**Joe Aragon MARTINEZ, Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

**No. 243–69.**

United States Court of Appeals, Tenth Circuit.

March 30, 1970.

Winton M. Hinkle, Wichita, Kan., for appellant.

John A. Babington, Asst. U. S. Atty., Albuquerque, N. M. (Victor R. Ortega, U. S. Atty., Albuquerque, N. M., with him on the brief), for appellee.

Before MURRAH, Chief Judge, and LEWIS and HOLLOWAY, Circuit Judges.

## PER CURIAM.

Martinez appeals from denial of relief under 28 U.S.C. § 2255. In 1966, he was convicted under a two-count indictment charging violations of 26 U.S.C. §§ 4742(a) and 4744(a). The conviction was affirmed in Martinez v. United States, 373 F.2d 810 (10th Cir. 1967).

Martinez alleged in his motion that he was mentally incompetent at the time of his trial in May, 1966. The district court properly ordered an evidentiary hearing, see Butler v. United States, 361 F.2d 869 (10th Cir. 1966), to determine whether, at the time of his trial, movant had "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding—and whether he [had] a rational as well as a factual understanding of the proceedings against him." Dusky v. United States, 362 U.S. 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960); Wolcott v. United States, 407 F.2d 1149 (10th Cir. 1969).

On October 15, 1965, Martinez' first appearance in court after indictment, his appointed attorney moved under 18 U.S.C. § 4244 for a psychiatric examination of the defendant, stating at that time that, "I am not sure * * * that he understands or realizes what is happening here * * *." That report was inconclusive, and the court ordered Martinez sent to the Medical Center for Federal Prisoners at Springfield, Missouri, for a 90-day commitment and examination. On February 25, 1966, on the basis of that report, the court found the defendant competent, and ordered the matter set for trial.

On April 11, 1966, less than one month before trial, the defendant was examined by one Dr. Jacobson, a local psychiatrist, and again found competent to stand trial.[1]

It is apparent, and not disputed, that Martinez has been a mentally disturbed individual. The consensus of reports alluded to at the hearing was that he suffered a sociopathic personality disorder, with anti-social reactions associated with drug addiction and alcoholism. Alternatively, he is described as suffering a pre-psychotic schizophrenic reaction. As Dr. Jacobson aptly stated, "[T]he very definite reality [is] that this individual is sick. It's not a question of sickness, it's a question of whether or not this individual is mentally competent according to the legal standards which are laid down by this Court."

No claim of incompetence is premised upon movant's personality disorders, as such. However, the reports presented the picture, in the words of Dr. Jacobson, of a "poorly integrated individual, which simply means that * * * if subject to sufficient stress and frustration, he is likely to fly apart, and disintegrate, and at that time, he could present a psychotic picture." Via interrogatories, movant offered psychiatric opinion that the "stress of a trial could possibly cause psychotic disorganization" in such an individual, without being apparent to lay observers. This potential for psychotic disintegration constitutes the crux of movant's claim.

---

1. Accordingly, this case does not present the difficulties of a retrospective determination of competency discussed in Pate v. Robinson, 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966).

On the record, the abstract possibility of such a breakdown is incontestable. However, the evidence indicates that the possibility is only that, and no more. Dr. Jacobson deemed such an occurrence "very unlikely." In his examination of movant shortly before his trial, he found no evidence of thought disturbance or mood variation. Martinez gave him a "relatively straightforward account of what had been going on." Likewise, Martinez' trial attorney testified that after his return from Springfield in early 1966, he noticed a considerable change in the defendant. At trial, Martinez conferred with him, commented to him on witness' testimony, and supplied additional information concerning events described by others. He stated that, prior to and during the trial, unlike the previous October, he had no doubts that Martinez understood his advice, the nature of the charge and the proceedings, and that he was able to, and in fact did, assist him in his defense.

Findings of fact rendered by a district court after an evidentiary hearing, including those respecting mental competency, are to be sustained unless clearly erroneous. Linebarger v. State of Oklahoma, 404 F.2d 1092 (10th Cir. 1968), cert. denied, 394 U.S. 938, 89 S. Ct. 1218, 22 L.Ed.2d 470. Upon consideration of all the evidence adduced at the hearing in this case, both expert and lay, we cannot say that the finding of competence is not supported by the evidence.

Although not presented to the district court, Martinez argues here that his conviction is unconstitutional under Leary v. United States, 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57 (1969), where the Court held that a timely assertion of the Fifth Amendment privilege against self-incrimination constituted a complete defense to prosecution under 26 U.S.C. § 4744(a)

The record in movant's trial is before us, and discloses that at no time did he claim the privilege. This belated assertion is untimely, and affords no ground for relief. Sepulveda v. United States, 415 F.2d 321 (10th Cir. 1969); Eby v. United States, 415 F.2d 319 (10th Cir. 1969); Whaley v. United States, 394 F.2d 399 (10th Cir. 1968). The conviction under 26 U.S.C. § 4742(a) is not vulnerable to the Fifth Amendment contention. Buie v. United States, 396 U.S. 87, 90 S.Ct. 284, 24 L. Ed.2d 283 (1969); United States v. Priest, 419 F.2d 570 (10th Cir. 1970).

Affirmed.