William POPE, Appellant,

v.

John W. TURNER, Warden, Utah State Prison, Appellee.

No. 277–69.

United States Court of Appeals, Tenth Circuit.

May 26, 1970.

Kerry L. Sullivan, Denver, Colo., for appellant.

David S. Young, Salt Lake City, Utah (Vernon B. Romney, Atty. Gen., State of Utah, and Lauren N. Beasley, Chief Asst. Atty. Gen., on the brief) for appellee.

Before MURRAH, PICKETT and HILL, Circuit Judges.

HILL, Circuit Judge.

Appellant William Pope, a prisoner in the Utah State Prison, petitioned the United States District Court of Utah for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The trial judge dismissed the petition without a hearing upon the grounds that further proceedings were not warranted. Pope herein appeals from that order dismissing his petition and principally contends that under 28 U.S.C. §§ 2243 and 2254, he must be afforded a full evidentiary hearing on the issues of fact raised in his petition for a writ of habeas corpus.

Following a trial in the District Court of the State of Utah, on February 4, 1965, Pope was convicted of first degree murder, and was sentenced to a life term of imprisonment in the Utah State Prison where he is currently held in custody. Pope never perfected an appeal from his conviction and the time for an appeal has long since run out. However, on August 23, 1965, shortly after his conviction, Pope wrote a letter to a Judge of the United States District Court of Utah stating that his appointed trial counsel in the state court had failed to seasonably appeal the conviction and requesting the federal court's assistance in obtaining review of his conviction. The court requested an experienced attorney to confer with Pope and to review the trial record. As a result, no attempt

was made to procure review of the conviction.

On May 8, 1968, the court requested another experienced attorney to investigate the facts and record and to report to the court. That attorney investigated the case and made a written report in the form of two letters mailed to Pope with copies to the court. The letters contained a statement of facts, an analysis of the facts, and an opinion that Pope had no grounds upon which to challenge his conviction and imprisonment. In these letters, Pope was advised that counsel had made the investigation and report while acting as an officer of the court, and counsel had neither undertaken the investigation as Pope's legal representative nor attempted to represent Pope at any time during the investigation.

Although the time is not made clear by the record, it appears that at some point Pope petitioned the Supreme Court of Utah for a writ of habeas corpus. The disposition of that petition is not disclosed by the record except that Pope's present petition to the United States District Court states that the Utah Supreme Court dismissed the petition for the reason that Pope should have appealed on the grounds presented in his petition for habeas corpus. We can only conclude that the Supreme Court of Utah dismissed Pope's petition without a hearing since the contrary does not appear in the record before us.

Pope, on his own behalf, submitted the present petition for a writ of habeas corpus which was dismissed by the United States District Court and which concerns this appeal. This pro se petition does not lucidly separate and explain the variety of reasons why he believes that he is in custody in violation of the Constitution or Laws or Treaties of the United States. However, the record and Pope's petition are sufficient to lead us to the definite conclusion that this case must be remanded for an evidentiary hearing. Several things do clearly emerge from the record: 1)

Pope's petition for a writ of habeas corpus raises at least one substantial issue on alleged facts regarding whether he is in custody in violation of the Constitution; 2) Pope has never had a determination on the points in his petition after a hearing on the factual issues; 3) Pope has no remaining remedy in the courts of the State of Utah.

The gist of Pope's pro se petition (which also incorporates his petition for writ of habeas corpus before the Supreme Court of Utah) alleges illegal arrest, illegal search and seizure, denial of counsel at his interrogation, self-incrimination, double jeopardy and a denial of due process. There are underlying factual questions to be resolved to determine whether there is merit to any of the constitutional questions posed.

 The investigation made by the attorney acting on behalf of the court does not suffice for an evidentiary hearing as defined by the Supreme Court in Townsend v. Sain, 372 U.S. 293, 309, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963), because the purpose of an evidentiary hearing is "to try issues of fact." [1] The attorney's fact gathering and analysis at the behest of the court simply does not comport with the type of hearing discussed in Townsend v. Sain, supra, and Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963).

On taking this appeal from the order dismissing his petition, Pope also urges as error a denial of adequate and effective counsel to appeal his conviction before the Supreme Court of Utah, and a failure to appoint counsel to prepare and argue Pope's petition for a writ of habeas corpus. By no straining of the words of the petition for a writ of habeas corpus was the first point presented to the trial court; and contrary to the urgings of appellant, the doctrine of plain error is not applicable to now raise the issue on appeal.[2] The alleged constitutional violation which appellant asserts regarding inadequate counsel at the state appellate level neither was a violation wrought by the error of the United States District Court nor was an issue passed upon by that court considering it on the merits as grounds for habeas corpus relief. Thus, we are precluded from considering the issue since a ground for relief is not properly raised for the first time on appeal. Appellant's other point that he was denied counsel on his petition for writ of habeas corpus is likewise meritless since there is no constitutional right to counsel in such civil proceedings.[3]

The order dismissing the petition is set aside and the case is remanded for proceedings in accord with this opinion.

1. *See* Canales v. Baker, 406 F.2d 685 (10th Cir. 1969); Hall v. Page, 367 F.2d 352 (10th Cir. 1966); Burns v. Crouse, 353 F.2d 489 (10th Cir. 1965); Pate v. Page, 325 F.2d 567 (10th Cir. 1963).

2. *Cf.* Whaley v. United States, 394 F.2d 399 (10th Cir. 1968); Stanfield v. United States, 350 F.2d 518 (10th Cir. 1965).

3. Flowers v. State of Oklahoma, 356 F.2d 916 (10th Cir. 1966); Rider v. Crouse, 357 F.2d 317 (10th Cir. 1966); Hampton v. Oklahoma, 368 F.2d 9 (10th Cir. 1966); *See* Cullins v. Crouse, 348 F.2d 887 (10th Cir. 1965).