**Arthur E. BURKE, Petitioner,**

v.

**UNITED STATES of America,
Respondent.**

**No. 452–69.**

United States Court of Appeals,
Tenth Circuit.

June 12, 1970.

William H. Haring, Denver, Colo., for appellant.

John A. Babington, Asst. U. S. Atty., Albuquerque, N. M. (Victor R. Ortega, U. S. Atty., Albuquerque, N. M., with him on the brief) for appellee.

Before LEWIS, Chief Judge, PICKETT, Senior Circuit Judge, and HICKEY, Circuit Judge.

HICKEY, Circuit Judge.

Appellant Burke filed a petition under 28 U.S.C. § 2255 for habeas corpus relief. The trial court denied relief without a hearing. Burke was convicted by a jury of a violation of the Dyer Act, 18 U.S.C. § 2312 and is serving the sentence imposed. No direct appeal was taken from the conviction.

Immediately prior to his indictment and arraignment on the Dyer Act charge, Burke had been incarcerated by the state court upon a nolo contendere plea to the charge of criminal trespass. During that incarceration he filed a § 2254 petition in the federal court before the same trial judge from whose order he now appeals. After an evidentiary hearing that application was denied; we considered the appeal thereafter and affirmed the trial court. Arthur E. Burke v. Henry Stockton, (unpublished opinion No. 5–69, filed April 16, 1969, 10th Cir.).

The trial judge who considered the § 2255 motion is also the judge who presided at the jury trial which resulted in the conviction herein attacked.

The basic complaint is that the court denied the motion without an evidentiary hearing.

A scatter-gun attack is confessed by counsel at the trial level wherein he presented issues regarding appellant's competence at all stages of the case; allegations of prejudicial misconduct on the part of the court, counsel, and prosecutor; the denial of a speedy trial; defects in the arraignment, indictment and information; a claim that there were admissions and confessions illegally obtained from the appellant together with a failure to advise him of his rights; lack of effective counsel resulting in the failure to appeal; detention without charges filed within a reasonable time; improper arraignment in a state proceeding; and being tried without representation of counsel of his choice.

With an abundance of caution the trial judge admirably and carefully followed pretrial suggestions for § 2255 cases set out in 32 F.R.D. 391.

A transcript of the two pretrial hearings is part of the record before us.

From this record we conclude the scatter-gun approach was conceived. Selected trial counsel confessed to the court, "We are raising the possible grounds that we feel like might grant relief under 2255, and I'm sure Your Honor is aware of the fact that I have not had an opportunity to talk with Mr. Burke personally to try to find out more of the facts."

In spite of the foregoing, the trial court patiently went through the various allegations one by one and advised counsel of the facts, as they appeared in the transcript and also as the trial judge recalled the incidents.

A second pretrial hearing was held some days later after counsel had an opportunity to confer with Burke. At this second hearing counsel confessed he had no evidence to present which would bear upon the facts alleged for review.

The most serious issue here involved is the issue of competence at time of trial. The issue was raised prior to trial by motion filed October 11, 1968. On October 17, 1968, the motion, together with a continuance, was granted. On October 25, the order was amended appointing the psychiatrist who conducted the competency examination. A continuance was again granted. In both instances appointed counsel and Burke stated for the record they were responsi-

ble for the delay and they did not feel they were being denied a speedy trial. The foregoing is recited from the record to indicate the complete inaccuracy of one of the scatter-gun charges herein made.

During the course of the recorded arraignment proceedings, the appointed psychiatrist was called to the stand, sworn in the presence of the accused, and examined and cross-examined by counsel for the accused and the court. At the conclusion of the examination the court made the following finding:

"THE COURT: Well, the Court finds that the defendant, Arthur Earl Burke, is not mentally incompetent, and that he understands the proceedings against him, that he is able to properly assist in his own defense, that he has complete understanding of the charges against him, and the Court finds that he is competent to stand trial.

"Now, nothing that I have said will in any way prejudice his right, if he is so inclined, to assert the plea of insanity as a defense in his trial and, of course, the evidence from Dr. Penley will not be called to the attention of the jury or used in any way against him at time of trial."

We note the findings and the testimony of the psychiatrist accord the test established for competency by the Supreme Court. Dusky v. United States, 362 U.S. 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960).

The serious doubts occasioned by the allegation of incompetency at time of trial stems from the language contained in Martinez v. United States, 423 F.2d 479 (10th Cir. 1970). The court said:

"The district court properly ordered an evidentiary hearing, see Butler v. United States, 361 F.2d 869 (10th Cir. 1966), to determine whether, at the time of his trial, movant had 'sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding—and whether he [had] a rational as well as a fac-

tual understanding of the proceedings against him.' Dusky v. United States, 362 U.S. 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960); Wolcott v. United States, 407 F.2d 1149 (10th Cir. 1969)."

The language is the result of a number of cases decided in this circuit which clearly hold that in a § 2255 petition where the issue of competency at the time of a guilty plea is raised, an evidentiary hearing is automatically required. Kienlen v. United States, 379 F.2d 20 (10th Cir. 1967); Nunley v. United States, 364 F.2d 825 (10th Cir. 1966); Butler v. United States, 361 F. 2d 869 (10th Cir. 1966).

The rule enunciated stems from the en banc hearings of Ellison v. United States, 324 F.2d 710 (10th Cir. 1963) and Nipp v. United States, 324 F.2d 711 (10th Cir. 1963) and in Wolcott v. United States, 407 F.2d 1149 (10th Cir. 1969) cert. denied, 396 U.S. 879, 90 S.Ct. 156, 24 L.Ed.2d 137. The opinions in these cases placed the emphasis on the lack of voluntariness of a guilty plea when mental competency is thereafter challenged and clearly establish the proper rule for cases in which there is a challenge after a plea of guilty. However, in this case, as in *Martinez*, there was a trial and the question of voluntariness of plea is not in the case.

Prior to the trial of the Dyer Act charge, a hearing was held on the issue as above related, the accused was confronted by the examining physician, opportunity to examine was afforded to counsel and findings were subsequently made by the trial judge. This is all part of the record in this action.

*Butler, supra,* states the reason for an evidentiary hearing in a guilty plea case is to afford confrontation, cross-examination and due process. The record herein bears out the afforded protection, and it seems unnecessary to go through an evidentiary hearing again in this § 2255 motion. Where voluntariness of a guilty plea is not an issue, the reasons for the hearing are abrogated. 18 U.S. C. §§ 4244, 4245 et seq. afford a vehicle for any problems accused may now have.

The number of issues lumped together in the second section of Burke's brief were adequately answered by the pretrial transcripts comprising part of the record in this case.

Some of the issues were properly § 2254 issues presented in the prior unpublished opinion, *Burke, supra;* other issues relating to court and counsel's conduct were confessed as inaccurate in the pretrial hearing. Others were flagrant misstatements of the record as indicated by the incident related above regarding the denial of a speedy trial. The record also denies the claim that Burke was not advised of his right to appeal. The transcript reflects that the court denied admission of confessions and admissions which are alleged as error.

Because they were adequately treated in the pretrial order, we will devote no further time to the scatter-gun approach other than to commend the trial court for its orderly pretrial conferences which exposed the flagrant torturing of the record.

Affirmed.