**Burlee CARROLL, Petitioner-Appellant,**

v.

**Dr. George J. BETO, Director, Texas Department of Corrections, Respondent-
Appellee.**

**No. 71–1046.**

United States Court of Appeals,
Fifth Circuit.

July 7, 1971.

Rehearing and Rehearing En Banc
Denied Sept. 30, 1971.

---

Charles E. Erwin, Abilene, Tex., Jerry L. Buchmeyer, Thompson, Knight, Simmons & Bullion, Dallas, Tex., for petitioner-appellant.

Crawford C. Martin, Atty. Gen., Robert Darden, Asst. Atty. Gen., Austin Tex., Ed Paynter, Dist. Atty., Abilene, Tex., Nola White, First Asst. Atty. Gen., Alfred Walker, Executive Asst. Atty. Gen., Robert C. Flowers, Gilbert J. Pena, Asst. Attys. Gen., Austin, Tex., for respondent-appellee.

Before AINSWORTH, INGRAHAM and RONEY, Circuit Judges.

PER CURIAM:

Petitioner Burlee Carroll was convicted of murdering his wife in a Texas State court in 1948. After exhausting State remedies, he filed his petition for the writ of habeas corpus in the court below, which was denied. The first appeal resulted in a remand to the district court to determine whether petitioner was competent to stand trial in 1948. See Carroll v. Beto, 421 F.2d 1065 (5th Cir., 1970).

In obedience thereto, a full plenary hearing was conducted by the district court, at which psychiatrists offered by both sides were fully examined, both on direct and cross. The county sheriff also testified. The district court filed comprehensive findings of fact and conclusions of law, embodied in that court's memorandum orders dated July 1, 1970 and January 8, 1971, 330 F.Supp. 71. The petition for the writ of habeas corpus was again denied, from which this appeal was taken.

This procedure, to hear, consider, and determine competency at a time in the past was ordered in Carroll v. Beto, *supra*, and was approved in Barefield v. State of New Mexico, 434 F.2d 307 (10th Cir., 1970); Conner v. Wingo, 429 F.2d 630 (6th Cir., 1970); Martinez v. United States, 423 F.2d 479 (10th Cir., 1970), and Clark v. Beto, 415 F. 2d 71 (5th Cir., 1969).

The thorough and exhaustive findings of fact and conclusions of law, finding the petitioner competent to stand trial at the time of his trial in 1948, are supported by evidence and are not clearly erroneous.

The judgment of the district court is affirmed.

## ON PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC

PER CURIAM:

The Petition for Rehearing is denied and no member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc, (Rule 35 Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 12) the Petition for Rehearing En Banc is denied.