**William Rensler NOLAN, Defendant-Appellant,**

v.

**The UNITED STATES of America, Plaintiff-Appellee.**

No. 72–1169.

United States Court of Appeals,
Tenth Circuit.

Sept. 11, 1972.

---

Harley W. Shaver, Denver, Colo. (E. Michael Canges, Denver, Colo., on the brief), for defendant-appellant.

Glen S. Kelly, Asst. U. S. Atty., Topeka, Kan. (Robert J. Roth, U. S. Atty., and Richard L. Meyer, Asst. U. S. Atty., Topeka, Kan., on the brief), for plaintiff-appellee.

Before BREITENSTEIN, BARRETT and DOYLE, Circuit Judges.

BARRETT, Circuit Judge.

William Rensler Nolan appeals from the trial court's failure to grant him an evidentiary hearing upon his application for habeas corpus relief pursuant to 28 U.S.C.A. § 2255. Nolan was convicted by a jury and sentenced on November 23, 1970, of interstate transportation of a stolen vehicle in violation of 18 U.S.C.A. § 2312.

Nolan predicated his habeas corpus petition in part on the allegation that:

"At the time Petitioner stood trial on November 10, 11, 1970, he was suffering from diffuse brain impairment and was under the influence of drugs administered to Petitioner by doctors at the Kansas University Medical Center, which rendered Petitioner unable to understand the nature of the proceedings and unable to communicate with and understand what his attorney told him and was doing, to wit; unable to aid and assist in his defense at trial and therefore such impairment caused a condition of mental incompetency at the time Petitioner stood trial."

The Court, in dismissing, found that the files and records in Case No. W–CR–984 did not support Nolan's claim that the trial court was put on notice that he may be mentally incompetent to stand trial. The Court also concluded that Nolan deliberately withheld the presently urged ground for relief, and thereby waived the right to an evidentiary hearing on the competency contention, citing Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963). The District Court found Nolan's action to be "frivolous and malicious". The Court relied upon a medical examination of Nolan on June 29, 1968 which resulted in "a clean bill of health", an examination by a psychiatrist on October 15, 1968, and an omnibus hearing report on December 22, 1969. Further, the Court found that prior to trial, although Nolan claimed the necessity to avoid urine frequently because of his diabetic condition, he did not at any time allege any mental disability. The Court also relied on several of Nolan's previous post-conviction filings.

On November 27, 1970, four days after sentence was passed, Nolan filed a habeas corpus application alleging that the diet in jail was not proper for his diabetic condition. He did not allege mental disability. The Court noted that in his motion for a new trial and in his direct appeal that there was no mention of mental disability and that it was, accordingly, deliberately withheld.

Nolan petitioned for a rehearing of his habeas corpus application alleging in part that: (1) the Court erred in dis-

missing his application without a hearing because it did not investigate his allegations that the brain surgery performed on him in late March of 1970 and the subsequent narcotic medication rendered him mentally incompetent at the time of trial; (2) the Court erred in relying upon records and files prior to his brain surgery and use of narcotic medicines; (3) he did not deliberately withhold his presently urged ground for relief, but rather had presented it in an affidavit necessary for his direct appeal; and (4) his incompetency to stand trial was not briefed or argued on direct appeal because of his need to rely on his court appointed counsel who abandoned the point on appeal.

The District Court denied Nolan's motion for a rehearing. The sole issue presented here is the propriety of the District Court's dismissal of the habeas application without an evidentiary hearing.

■■■ A claim of incompetency at the entry of a guilty plea cannot be disposed of without a hearing. Ellison v. United States, 324 F.2d 710 (10th Cir. 1963); Nipp v. United States, 324 F.2d 711 (10th Cir. 1963). When there are underlying facts which make one's claim of incompetency something more than a bald conclusory statement, which is not conclusively refuted by the files and records in a case, an evidentiary hearing must be held to determine competency at the time of pleading or trial. Schutz v. United States, 432 F.2d 25 (10th Cir. 1970), cert. denied 401 U.S. 1002, 91 S. Ct. 1245, 28 L.Ed.2d 535 (1971).

In his petition for a rehearing Nolan alleged that the defense of mental incapacity was presented on direct appeal, but that his court-appointed counsel refused to brief and argue it. The District Court denied Nolan's petition for a rehearing in summary fashion without setting forth any findings or conclusions and without commenting upon or considering Nolan's allegation that the defense of mental incapacity was not deliberately withheld.

■■■ Trial courts have discretion in matters of this kind. The trial judge is best able to evaluate the motivations of those appearing before him. However, the information relied upon by the trial court in dismissing Nolan's habeas corpus application did not relate to the brain surgery and narcotic medication administered in relation thereto. Under these circumstances we cannot hold that Nolan deliberately withheld this defense. Nolan must be provided an evidentiary hearing on his contention that he was not mentally competent to stand trial on November 10, 1970.

Reversed and remanded.