Kenneth W. CRANFORD, Petitioner-Appellant,

v.

Felix RODRIGUEZ, Warden, Respondent-Appellee.

No. 74–1223.

United States Court of Appeals, Tenth Circuit.

March 18, 1975.

Jack L. Love, Federal Public Defender, Albuquerque, N. M., for petitioner-appellant.

Andrea R. Buzzard, Asst. Atty. Gen., Santa Fe, N. M., for respondent-appellee.

Before BREITENSTEIN, McWILLIAMS and DOYLE, Circuit Judges.

WILLIAM E. DOYLE, Circuit Judge.

In this appeal from a denial of petitioner's application for a writ of habeas corpus, he challenges the validity of a confession which was taken in Juarez, Mexico by a New Mexico officer. (He claims that it was coerced and in violation of the rule of Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).) He also questions the sufficiency of the hearing which was given on the question of voluntariness of the confession in state trial court. He further contends that the federal district court erred in failing to hold an evidentiary hearing and in relying entirely on the transcript of the proceedings in the state court.

It is unnecessary to recount the sordid facts in detail. In general, the evidence established that the defendant had shot and killed the victim after the latter had picked him up on the highway in his automobile and trailer and had paid him for the performance of certain work. The evidence showed that the petitioner forced the victim to go to a secluded area in the Sandia Mountains near Albuquerque, New Mexico. He shot him and then took the victim's vehicle and money and proceeded to Juarez, Mexico. He was arrested there.

The homicide occurred on January 14, 1971. In the early morning of January 18, 1971, petitioner was arrested by Mexican Police in Juarez, Mexico, at the request of Albuquerque Police Officer Garcia, who was also present when the arrest was made. Originally, petitioner was taken into custody because he was in possession of a stolen vehicle. However, the investigation proceeded from the outset on the homicide. There was a series of questionings. He was first questioned on Monday afternoon, January 18, by the Mexican Police. This produced very little. On that night, accord-

ing to petitioner's testimony, he was taken out of the jail by the police and threatened. The policemen denied this. The next morning, Tuesday, January 19, two FBI officers questioned him and apprised him of his *Miranda* rights. They presented the waiver form to him, crossing out the line respecting appointment of a lawyer and inserting instead that if he wished to consult the American Consulate the latter would be advised of his detention and "you will be given the opportunity to talk to a Consulate representative."[1]

Petitioner also testified that he was beaten by the jailer on Tuesday after the interview and by Mexican Police Officers on Tuesday night and that he was subjected to burning of his person with an electrode.[2] The confession, the validity of which is challenged, was given on Wednesday morning to New Mexico Officer Garcia. This is a lengthy question and answer statement which goes into minute detail as to the occurrences prior to, during and subsequent to the shooting of the victim.

At the state court trial a full hearing was held on the voluntariness of the confession. The testimony of all of the officers and of the defendant was taken. This fills an entire volume of our record. This hearing was incident to a motion to suppress. At the conclusion of this hearing, the trial court said: "The Court feels, however, that it cannot say, as a matter of law, that the statement which was given by Mr. Cranford should be suppressed and for that reason your motion to suppress is denied." A formal order denying the motion provided:

This matter coming before the Court upon the Defendant's Motion to Suppress any and all statements whether written, recorded or oral made by the Defendant, and the Court having heard testimony and argument of counsel and the Court having determined that the statements oral and written made by the Defendant were

obtained in compliance with legal requirements and are therefore admissible with proper instructions to the jury.

IT IS THEREFORE ORDERED that the Motion be denied.

The Supreme Court of New Mexico affirmed the conviction of first degree murder. *See* State v. Cranford, 83 N.M. 294, 491 P.2d 511 (1971), cert. denied, 409 U.S. 854, 93 S.Ct. 190, 34 L.Ed.2d 98 (1972).

I.

The present petition was filed pursuant to 28 U.S.C. § 2254. The district court held a complete hearing based on the state court record. Petitioner first complained about the failure of the court to hold a new evidentiary hearing. Undoubtedly the court in its discretion could have taken evidence had it been convinced that the constitutional issues had not been fully tried in state court or that there existed relevant evidence which was not presented. *See* Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963) and Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963). However, we disagree with the contention that the court was *compelled* to hold an independent evidentiary hearing. 28 U.S.C. § 2254(d) presumes the determination of the state court to be correct unless the applicant establishes (1) that the merits of the factual dispute were not resolved in the state court hearing, or (2) that the fact finding procedure employed by the state court was not adequate to afford a full and fair hearing, or (3) that the material facts were not adequately developed at the state court hearing. A showing such as that required by the Act of Congress was not made by the applicant and so the presumption stands.

II.

We disagree with the further contention of petitioner that the state court hearing did not satisfy the stand-

---

1. The statement given to the FBI officers concerned the stolen automobile and did not include the alleged homicide.

2. He did have burns on the front of his body.

ards for a fact finding hearing established in Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964). *See* Sims v. Georgia, 385 U.S. 538, 87 S.Ct. 639, 17 L.Ed.2d 593 (1967). The exception taken is that the state trial court did not make extensive findings of fact. We view the action of the trial judge as substantially complying with the requirements of law. A ruling was given from the bench and this was later reduced to writing. The entire issue was whether at the hearing the confession was the product of compulsion. There was a conflict in the evidence on this and the trial court rejected the testimony of petitioner.[3] The court's failure to make detailed findings does not detract from its ruling which clearly accepted one version of the testimony and rejected another.

Based on an examination of the 179-page transcript evidencing the state court proceedings, we are of the opinion that the trial judge adequately considered and determined the voluntariness issue. The federal district court carefully considered the record of the proceedings and determined that the trial judge had complied with the law.[4]

### III.

■ On the issue of the inadequacy of the admonitions, the petitioner contends that the doctrine of Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966) was violated because the warning given him did not offer to obtain counsel or to employ counsel for him if he could not afford an attorney. The New Mexico Supreme Court took the position that the *Miranda* doctrine did not even apply outside the United States. We disagree with this. Here the Mexican Police were acting on behalf of Officer Garcia and the State of New Mexico. We are mindful that Officer Garcia went to Juarez, a border town, in an effort to extradite petitioner to Albuquerque, New Mexico. Our assumption is that the *Miranda* doctrine would apply in these circumstances. At the same time, we recognize that it was not possible to get an attorney and yet this should not mean that while the defendant is in detention investigation must stop. *But see* United States v. Nagelberg, 434 F.2d 585 (2d Cir. 1970), cert. denied, 401 U.S. 939, 91 S.Ct. 935, 28 L.Ed.2d 219 (1971).

■ In our view, there was in the present case a good faith effort to comply with the *Miranda* doctrine. The petitioner was admonished that he need not speak; that he was entitled to talk to a Consulate official; that anything he said could be used against him in court; and that if he decided to answer questions without a lawyer he could stop at any time.

In *Miranda* the Supreme Court said that the safeguards set forth in the Court's opinion should be employed "unless other fully effective means are devised to inform accused persons of their right of silence and to assure a continuous opportunity to exercise it . . . ."

In a more recent case the Supreme Court has stated:

> Just as the law does not require that a defendant receive a perfect trial, only a fair one, it cannot realistically require that policemen investigating serious crimes make no errors whatsoever.

Michigan v. Tucker, 417 U.S. 433, 94 S.Ct. 2357, 41 L.Ed.2d 182 (1974).

We consider the departure from the *Miranda* doctrine that occurred here as a variation which under the facts of this case was unavoidable and not prejudicial.

---

3. The case presented is dissimilar from several cases in this Circuit where the state trial court did not rule on the factual allegations underlying the habeas petitioner's constitutional claims. *See* Beavers v. Anderson, 474 F.2d 1114 (10th Cir. 1973); Nolan v. United States, 466 F.2d 522 (10th Cir. 1972); Gafford v. Warden, 434 F.2d 318 (10th Cir. 1970); Pope v. Turner, 426 F.2d 783 (10th Cir. 1970); Price v. Turner, 421 F.2d 191 (10th Cir. 1970); Hall v. Page, 367 F.2d 352 (10th Cir. 1966).

4. It is, of course, fundamental that an independent evidentiary hearing need not always be given. *See* Moore v. Anderson, 474 F.2d 1118 (10th Cir. 1973); Stinson v. Turner, 473 F.2d 913 (10th Cir. 1973); Reynolds v. Rodriguez, 444 F.2d 94 (10th Cir. 1971); Burke v. United States, 427 F.2d 465 (10th Cir. 1970); Garcia v. Baker, 421 F.2d 671 (10th Cir. 1970); Maxwell v. Turner, 411 F.2d 805 (10th Cir. 1969).

A case similar to the present one is that of the Fifth Circuit in United States v. Dopf, 434 F.2d 205 (5th Cir. 1970). There it was held that the oral statements were admissible.[5]

Petitioner relies on United States v. Dolack, 484 F.2d 528 (10th Cir. 1973). But it bears little resemblance in either fact or law to our case. Its only similarity is that the defendant in each instance was outside the United States. It concerned the right to counsel *after* indictment and was based on the Supreme Court's decision in Kirby v. Illinois, 406 U.S. 682, 92 S.Ct. 1877, 32 L.Ed.2d 411 (1972). Petitioner's efforts to bring himself within the mandate of *Dolack* are unsuccessful.

We conclude that petitioner's constitutional rights were not violated either before indictment or afterward.

Accordingly, the judgment of the district court is affirmed.

---

**5.** Several other courts have held that *Miranda* warnings which do not offer immediate access to counsel are nevertheless valid. *See* Wright v. North Carolina, 483 F.2d 405 (4th Cir. 1973); United States v. Carneglia, 468 F.2d 1084 (2d Cir. 1972), cert. denied, sub nom. Inzerillo v. United States, 410 U.S. 945, 93 S.Ct. 1391, 35 L.Ed.2d 611 (1973); Massimo v. United States, 463 F.2d 1171 (2d Cir. 1972), cert. denied, 409 U.S. 1117, 93 S.Ct. 920, 34 L.Ed.2d 700 (1973); United States v. Lacy, 446 F.2d 511 (5th Cir. 1971); Mayzak v. United States, 402 F.2d 152 (5th Cir. 1968). *But see* United States ex rel. Williams v. Twomey, 467 F.2d 1248 (7th Cir. 1972); United States v. Cassell, 452 F.2d 533 (7th Cir. 1971).