William WHITTINGTON, Jr.,
Petitioner-Appellant,

v.

Harold BRAY, Sheriff of Jefferson County, Colorado, Respondent-Appellee.

No. 80–1601.

United States Court of Appeals,
Tenth Circuit.

Submitted June 13, 1980.

Decided June 18, 1980.

J. Gregory Walta, Colorado State Public Defender, Michael Heher, Deputy State Public Defender, Denver, Colo., for petitioner-appellant.

John D. MacFarlane, Colorado Atty. Gen., Denver, Colo., for respondent-appellee.

Before SETH, Chief Judge, BREITEN-STEIN and DOYLE, Circuit Judges.

PER CURIAM.

This habeas corpus case relates to the validity of extradition proceedings. Petitioner-appellant was arrested in Colorado on criminal charges pending in Maryland. Colorado has adopted the Uniform Criminal Extradition Act. 8 Colo.Rev.St. 1973 § 16–19–101 et seq. In accordance with § 16–19–111, the petitioner after his arrest was taken before a Colorado court of record and advised of his right to counsel. He then filed in the state court an application for habeas corpus which was denied. Petitioner then appealed to the Colorado Supreme Court and asserted that he was entitled to release because the Governor of Colorado did not personally review the requisition documents before issuing his warrant for extradition.

The Colorado Supreme Court affirmed the trial court. See *Whittington v. Bray*, Colo., 612 P.2d 72 (1980). The court noted the State's concession that the Governor of Colorado did not review personally the requisition documents before issuing the extradition warrant. The court pointed out that the Colorado extradition act, § 16–19–102(2) defines "Governor" to include "any person performing the functions of governor by authority of the law of this state." The federal extradition act, 18 U.S.C. § 3182,

refers to "executive authority of any state." The court said that neither federal nor state law forbids delegation of the Governor's executive authority.

Petitioner then sought habeas relief in the United States District Court for the District of Colorado. Relief was denied in a written opinion which relied primarily on the decision of the Colorado Supreme Court. The district court denied a certificate of probable cause. See 28 U.S.C. § 2253.

The petitioner then sought a stay from the Court of Appeals. We granted a certificate of probable cause and denied a stay.

The petitioner in his federal court proceedings has not challenged the legal sufficiency of the Maryland requisition or questioned his identity as the person charged in the Maryland proceedings.

■ The question of delegation of power is for determination by the Colorado courts and they have decided against petitioner. The federal extradition statute refers to "executive authority." The Governor of Colorado is the chief executive officer of Colorado, 10 Colo.Rev.Stat. 1973 § 24–1–104, and when he properly delegates power, as he has here, the exercise of that power is action of the "executive authority."

■ The petitioner seems to suggest that the federal court should have given him an evidentiary hearing to determine how the Colorado governor handles extradition requests. The power of federal courts in habeas proceedings is limited. Petitioner is not entitled to a new evidentiary hearing unless a constitutional issue has not been fully tried in state court. See *Townsend v. Sain*, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770; and *Cranford v. Rodriguez*, 10 Cir., 512 F.2d 860, 862. The Colorado Supreme Court acted on the State's concession that the Governor delegated the power to review extradition requests. We have no factual dispute and no need for an evidentiary hearing in federal court.

■ We denied the original request for a stay because we perceived no likelihood of success on the merits and because the possible harm to the petitioner was outweighed by the interest of the public in a prompt disposition of the Maryland criminal charges against the petitioner. See *Associated Securities Corp. v. SEC*, 10 Cir., 283 F.2d 773, 775, and *Battle v. Anderson*, 10 Cir., 564 F.2d 388, 397. On the present request for a stay pending application to the Supreme Court for certiorari, we have reviewed the matter and decline to change our decision. The motion is denied.