**Mark A. HOPKINSON, Petitioner,**

v.

**Duane SHILLINGER and the Attorney General of the State of Wyoming, Respondent.**

**Civ. A. No. C85–0483–S.**

United States District Court,
D. Wyoming.

Sept. 26, 1986.

Supplemental Memorandum and
Order Oct. 14, 1986.

Leonard D. Munker, Cheyenne, Wyo., for petitioner.

A.G. McClintock, Wyoming Atty. Gen., Richard Stacy, U.S. Atty., Cheyenne, Wyo., for respondent.

## MEMORANDUM AND ORDER

SAFFELS, District Judge, Sitting by Designation.

This matter is before the court on petitioner's motion for reconsideration of the Court's Memorandum and Order filed on August 4, 1986, 645 F.Supp. 374, dismissing the petition for writ of habeas corpus. Other than an unsupported narration of what petitioner contends took place, the petitioner has raised only a few grounds for reconsideration. Alternatively, the petitioner requests an evidentiary hearing to exonerate himself. The court will address each of the petitioner's arguments in order.

█ The first argument relates to the court's finding that the prosecution's failure to provide Appendix K to the defense prior to trial should be considered reversible error. The petitioner contends that instead of affirming, the court should have ordered full disclosure of all documentation regarding the matters mentioned in Appendix K. The court must disagree.

As stated in its Memorandum and Order dated August 4, 1986, after reviewing the exhibit in light of the petitioner's assertions, the court concludes that this evidence would not have affected the outcome of the

trial. The court specifically stated that the court could not stretch the significance of Appendix K in light of the abundance of evidence existing at trial to confirm petitioner's guilt. The court notes that the record before it in making its ruling on August 4, 1986, was substantial and comprehensive. In reviewing the record before it at that time, the court could not conclude that Appendix K would have created a reasonable probability that the result at trial would have been different. The court has again reviewed Appendix K and finds that in light of the substantial amount of evidence against the petitioner, as evidenced by the record, that the petitioner's right of due process was not violated by the court's ruling. In conclusion, under the standards enumerated in *United States v. Bagley*, 473 U.S. 667, 105 S.Ct. 3375, 87 L.Ed.2d 481 (U.S.1985), the court finds that Appendix K was not material to the outcome of the trial, in that there was not a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. *Id.* at 3382.

■ The second argument raised by the petitioner relates to the Alcohol, Tobacco and Firearm reports which were attached to the grand jury testimony of Jim Taylor. Petitioner claims the reports were exculpatory in that they impeached the trial testimony of Jim Taylor. The petitioner contends that these ATF reports are just as significant as the grand jury transcript of Jim Taylor, the suppression of which this court indicated would have been reversible error. The court must disagree. After reviewing the ATF reports, the court finds that the statements made on those reports would not have affected the outcome of the trial, especially in light of the fact that the defense did have the grand jury testimony of Mr. Taylor prior to trial. The court is aware that the ATF reports would fall within the ambit of No. 2 of petitioner's pre-trial motions requesting statements by any person exculpating the defendant or statements which could be used for impeaching a witness.

Upon a review of the ATF reports, the court finds that the reports, when read together, do not exculpate Hopkinson or impeach Taylor. On July 20, 1978, Harold Jim Taylor gave his statement to a special agent of the Department of Alcohol, Tobacco and Firearms, which stated that Mark Hopkinson at no time offered Mr. Taylor any money to intimidate, shoot or bomb Vince Vehar. On July 25, 1978, however, Taylor contacted the ATF office and said that he had not told the truth on July 20th because he feared for the life of his children. He recanted his earlier statement saying that in December of 1976, Mark Hopkinson offered him $800 to beat up an attorney, Vincent Vehar, in Evanston.

Clearly, the failure of the prosecution to provide these ATF reports to the defense prior to trial cannot be found to be reversible error. The court finds that the strength of the petitioner's argument is negated by the fact that the defense had the grand jury testimony and used said grand jury transcript in cross-examination of Harold Taylor at trial. The court therefore finds that the failure of the prosecution to give said ATF reports to the petitioner prior to trial was not of sufficient significance to deprive the petitioner of due process. The court also finds that the court's review of the petitioner's pre-trial motion for exculpatory material and extensive examination of the evidence in the record and submitted on review, supports the court's ruling that there was no good cause which existed to warrant the granting of an *in camera* inspection of all other grand jury material or to authorize a "fishing expedition."

■ The petitioner's motion for reconsideration also addresses the hearsay evidence of Dorothy Price. The petitioner contends that the decision in *Delaware v. Van Arsdall*, —— U.S. ——, 106 S.Ct. 1431, 89 L.Ed.2d 674 (U.S.1986) mandates that the hearsay evidence of Dorothy Price, along with the failure of the prosecution to disclose Appendix K, should be considered to be equivalent to the admission of perjured testimony. As such, petitioner contends

that it would have had significant impact on the outcome of the trial.

Upon a review of Dorothy Price's testimony and Appendix K, the court finds that the contents of the two taken together are not equivalent to the admission of perjured testimony. While the court recognizes that Appendix K could have been used to go to the weight of Dorothy Price's testimony, the inherent vagueness of her statement in light of all the other corroborating evidence pertaining to Mr. Vehar's fear of the petitioner, dictates that the error was harmless.

Even if the court would go one step further and find that the failure of the prosecution to disclose Appendix K taken with the testimony of Dorothy Price was to be considered perjured testimony, under the factors enunciated in *Delaware v. Van Arsdall,* the error would still be considered harmless. In *Delaware v. Van Arsdall,* the United States Supreme Court held that the improper denial of a defendant's opportunity to impeach a witness for bias is subject to the harmless-error analysis. Under that analysis, the key inquiry is whether, "assuming that the damaging potential of the cross-examination were fully realized, a review in court might nonetheless say that the error was harmless beyond a reasonable doubt." *Id.* at ——, 106 S.Ct. at 1437.

■ The Supreme Court enunciated the factors to be considered in making said determination. These factors include: the importance of the witnesses' testimony in the prosecution's case; whether the testimony was cumulative; the presence or absence of evidence corroborating or contradicting the testimony of the witness on material points; the extent of cross-examination otherwise permitted; and, of course, the overall strength of the prosecution's case. *Id.* The court finds that Dorothy Price's testimony was not crucial to the prosecution's case in light of all of the other corroborating evidence. The court further finds that the overall strength of the prosecution's case supports a finding

that the error was harmless beyond a reasonable doubt.

■ The petitioner also contends that based on the court's earlier finding that petitioner had not exhausted his state remedies, petitioner should be given the option of dismissing the entire petition without prejudice and going back into state court or waiving the issue not exhausted. The court finds this argument to be meritless. In its Memorandum and Order filed on August 4, 1986, the court found that Issue No. XIX was moot because the manner of execution in Wyoming has been changed to legal injection since petitioner's second sentencing hearing. Thus petitioner's assertion that the court's refusal to permit him the opportunity to present evidence of the cruelty of the manner of execution is moot. While the court did note that Issue No. XIX had not been exhausted in the lower courts, the whole argument has been rendered moot by the change in the manner of execution in Wyoming. The court therefore finds there is no foundation for the dismissal of the entire petition without prejudice or waiving the issue not exhausted.

■ Finally, the petitioner requests an evidentiary hearing. Petitioner contends that he needs an evidentiary hearing to show that the circumstances stated by this court regarding the sufficiency of the evidence is in reality inaccurate. The court cannot agree. The United States Supreme Court decision in *Townsend v. Sain,* 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963) and its progeny makes clear that 28 U.S.C. § 2254 does not mandate an evidentiary hearing in deciding on every petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. If the habeas corpus application received a full and fair hearing in the state court, and the transcript thereof is before the federal court, then an evidentiary hearing need not be held. *Edwards v. State of Oklahoma,* 577 F.2d 1119, 1121 (10th Cir.1978) (citing *Townsend v. Sain,* 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770).

■ The court's study of the record from state court proceedings leads the court to conclude that the habeas corpus application did receive a full and fair hearing in the state court. *Townsend v. Sain* also makes clear that even though there is an allegation that there is newly-discovered evidence or changed circumstances in the habeas application, the district judge is under no obligation to grant a hearing upon a frivolous or incredible allegation of newly-discovered evidence. 372 U.S. at 317, 83 S.Ct. at 759. The United States Supreme Court made clear that the purpose of the test enumerated in *Townsend* was to mandate the holding of evidentiary hearings only in limited circumstances. The Supreme Court stated that if the district court judge concluded that the habeas applicant was afforded a full and fair hearing by the state court resulting in reliable findings, "he may, and ordinarily should, accept the facts as found in the hearing."

■ While the petitioner contends that the circumstances of the case have changed, the court finds that it is under no obligation to grant an evidentiary hearing as petitioner's contention of new circumstances is wholly unsubstantiated. *See, e.g., Whittington v. Bray*, 623 F.2d 681, 682 (10th Cir.1980). In conclusion, the court finds that petitioner has not established that the merits of the factual disputes at issue were not resolved in the state court hearings, or that the fact-finding procedure employed by the state was not adequate to afford a full and fair hearing, or finally that the material facts were not adequately developed at the state court hearing, thus mandating an evidentiary hearing pursuant to 28 U.S.C. § 2254(d). *See Cranford v. Rodriguez*, 512 F.2d 860, 862 (10th Cir.1975). The court, in its discretion, finds that an evidentiary hearing is not mandated.

On November 14, 1985, the Honorable Clarence Brimmer indefinitely stayed the execution of the petitioner, scheduled to occur on November 19, 1985, in order that the petition for writ of habeas corpus could be presented to and considered by the court. As the court has dismissed the petition for writ of habeas corpus, the stay of execution should be lifted. The court will, however, give the petitioner adequate time before the stay is lifted to file an appeal and obtain a stay from the Tenth Circuit Court of Appeals.

IT IS BY THE COURT THEREFORE ORDERED that petitioner's motion for reconsideration of the Court's Memorandum & Order dated August 4, 1986, dismissing the petition for writ of habeas corpus is hereby denied. IT IS FURTHER ORDERED that the Court's Order filed on November 14, 1985, granting an indefinite stay of the execution of the petitioner is vacated as of December 1, 1986.

## SUPPLEMENTAL MEMORANDUM AND ORDER

This matter is before the court on the defendant, Mark Hopkinson's, motion to accept the following arguments in further support of petitioner's petition for reconsideration filed on September 18, 1986. The court will consider this motion as a second motion for reconsideration of the Court's Memorandum and Order filed on August 4, 1986, which dismissed the petition for writ of habeas corpus.

■ One issue that Mr. Hopkinson raises is the Suesata testimony. The court carefully considered Suesata's testimony when it ruled on petitioner's petition for a writ of habeas corpus. In reviewing said testimony, the court found that the few questions asked of Mr. Suesata did not add critical weight to the prosecution's case and were relatively insignificant in the overall framework of the trial. The court further found that the prosecutor's comments concerning Mr. Suesata were non-prejudicial and relatively minor. The court again reviewed the testimony and finds that the limited questions asked of Mr. Suesata, and his invocation of the 5th Amendment privilege, are insignificant in relation to the overall evidence proffered during the trial. The court therefore finds that the prosecutor's conduct in putting Mr. Suesata on the stand was not reversible error. As the court

stated in its earlier ruling, the questions the prosecutor put to Mr. Suesata did not add critical weight to the prosecution's case. The court finds that the prosecutor's comments regarding Mr. Suesata were non-prejudicial and minor.

■ The second issue that Mr. Hopkinson raises is the prosecution's use of allegedly misleading testimony concerning the imminent arrest of Jeff Green's killers. Mr. Hopkinson states that the jury was misled by the prosecutor's statement that the arrest of the killers of Jeff Green was imminent. As the court stated in its earlier ruling filed on August 4, 1986, the deprivation of the defense counsel's right to rebut the testimony concerning the imminent arrest of Jeff Green's killers was a tactical decision. The court cannot conclude that the prosecution behaved dishonestly because the arrest of Jeff Green's killers did not follow immediately after petitioner's hearing. The court finds that there was sufficient evidence to support the finding of the jury during the second penalty hearing. The court again cannot conclude that due process was violated by the prosecution's use of testimony concerning the arrest of Jeff Green's killers.

The balance of the petitioner's supplement or second motion for reconsideration concerns the issue of logic and the fact that the jury's findings defy logic in convicting Mark Hopkinson. The court finds that it can summarily dismiss petitioner's arguments concerning the logic used by Spence or the court in this trial. The court finds that on a review of the record, due process was not violated in the petitioner's case. As the court noted in its Memorandum and Order filed on August 4, 1986, the state court dealt exhaustively with the issues raised by the petitioner. Throughout the discussion of the legal issues raised by the petitioner, this court independently reviewed the record and reached the conclusion that there was substantial evidence to support the findings of the jury.

IT IS BY THE COURT THEREFORE ORDERED that petitioner's second motion for reconsideration of the Court's Memorandum and Order filed on August 4, 1986, dismissing a petition for a writ of habeas corpus is hereby denied. IT IS FURTHER ORDERED THAT the stay of petitioner's execution issued on November 14, 1985, is hereby vacated as of December 1, 1986.