## CROSSLEY *v.* CALIFORNIA.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE
NORTHERN DISTRICT OF CALIFORNIA.

No. 470. Submitted December 14, 1897. — Decided January 3, 1898.

In a trial before a state court for murder charged to have been committed
within the State, it is for the state court to decide whether the question of
whether the evidence tended to show that the accused was guilty of mur-
der only in the second degree shall or shall not be submitted to the jury,
and its decision is not subject to revision in the Circuit Court of the
United States, nor here.

A writ of *habeas corpus* cannot be made use of as a writ of error.

While the derailment of a train carrying the mails of the United States is a
crime which may be punished through the courts of the United States
under the provisions of the statutes in that behalf, the death of the engi-
neer thereof produced thereby, is a crime against the laws of the State in
which the derailment takes place, for which the person causing it may be
proceeded against in the state court through an indictment for murder.

THE case is stated in the opinion.

No appearance for appellants, and no brief filed for them.

*Mr. W. F. Fitzgerald* and *Mr. W. H. Anderson,* for ap-
pellees, submitted on their brief.

MR. CHIEF JUSTICE FULLER delivered the opinion of the
court.

Worden was convicted in the Superior Court of the county
of Yolo, California, of the crime of murder in the first degree,
and sentenced to be hanged. The Supreme Court of Cali-

fornia affirmed the judgment. *People* v. *Worden*, 113 California, 569.

Being in custody, awaiting execution, an application for the writ of *habeas corpus* was made on behalf of Worden to the Circuit Court of the United States for the Northern District of California, the application denied, and the petition dismissed. The case was then brought to this court.

Two grounds were relied on as justifying the issue of the writ.

First. That there was no evidence that Worden was guilty of murder in the first degree; that the evidence showed, or tended to show, that he was guilty, at most, of murder in the second degree; and that the trial court only submitted to the jury the question as to whether or not he was guilty of murder in the first degree. This was matter of error, and with its disposition by the highest tribunal of the State, it was not within the province of the Circuit Court to interfere. Nor can the writ of *habeas corpus* be made use of as a writ of error.

Second. That the state courts had no jurisdiction because Worden was convicted of the murder of one Clark, committed by derailing a train of which Clark was the engineer; that this was a special train "exclusively engaged in the carrying or transportation of the mail of the United States;" that the effect of the derailment "constituted an obstruction or stopping of the transmission of United States mail, and was a restraint and retarding of the interstate commerce of the United States;" that he, therefore, was guilty, if at all, of offences against the laws of the United States, (§§ 5440, 3995, Revised Statutes; Act July 2, 1890, c. 647, 26 Stat. 209,) and that any offence committed by him was solely cognizable in the courts of the United States.

But it is settled law that the same act may constitute an offence against the United States and against a State, subjecting the guilty party to punishment under the laws of each government; and may embrace two or more offences. *Cross* v. *North Carolina*, 132 U. S. 131, and cases cited. And see *Teal* v. *Felton*, 12 How. 284, 292.

There is no statute of the United States under which Worden could, on the alleged facts, have been prosecuted for murder in the courts of the United States. He was convicted of that crime in the administration of the laws of California, Penal Code, Cal. §§ 187, 188, 189; §§ 17, 587; and the conviction has been sustained by the highest court of the State.

As indicating that the prosecution was in the ordinary course, the language of that court in the opinion delivered on affirming the judgment may not improperly be quoted. Among other things the court said: "The charge fully informed the jury that an intent to take human life is a necessary element of murder in the first degree. They were told that in order to convict the appellant of murder in the first degree they must be convinced beyond a reasonable doubt that the appellant, either personally or in concert with others, killed the deceased with malice aforethought by some kind of wilful, deliberate and premeditated killing, and that 'in order to constitute murder in the first degree, the intent to kill must be the result of deliberate premeditation.' This principle was given to the jury in various forms; and it is beyond question that the evidence abundantly warranted the jury in finding the appellant guilty of murder in the first degree — murder of a most aggravating and shocking character. There was an unnecessary allusion to the fact that the derailing of a train is a felony; but that in no way changed the general nature of the charge." 113 California, 569, 576.

No ground existed on which the Circuit Court could have held these proceedings void, and the writ was properly denied.

*Order affirmed.*