Peter Joseph **KELLY**, Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 21791.

United States Court of Appeals
Fifth Circuit.

Aug. 17, 1965.

Peter Joseph Kelly, LaTuna, Tex., for appellant.

M. H. Raney, Asst. U. S. Atty., El Paso, Tex., for appellee.

Before BROWN and BELL, Circuit Judges, and HUNTER, District Judge.

## PER CURIAM.

In October 1963, appellant was convicted of violating 18 U.S.C.A. § 2312. No appeal was taken. Appellant now seeks to collaterally attack that conviction by way of a proceeding under 28 U.S.C.A. § 2255. The errors assigned concern the admissibility of certain evidence, and whether the proof of intent was sufficient. These should have been assigned and considered on direct appeal. Larson v. United States, 5 Cir., 1960, 275 F.2d 673, cert. den., 363 U.S. 849, 80 S.Ct. 1627, 4 L.Ed.2d 1732, rehearing den., 364 U.S. 858, 81 S.Ct. 38, 5 L.Ed.2d 44. Thus the District Court properly denied relief.

The District Court also properly denied what appears to be a contention of misconduct and incompetence of counsel with respect to representation in the trial court amounting to a breach of legal duty. The factual basis offered was inadequate to sustain such a contention. Alexander v. United States, 5 Cir., 1961, 290 F.2d 252; and Kennedy v. United States, 5 Cir., 1958, 259 F.2d 883, cert. den., 359 U.S. 994, 79 S.Ct. 1126, 3 L.Ed. 2d 982.

Although appellant was represented at trial by counsel of his own choosing, he seems to make some effort in this court, through his reply brief, to take the position that he was denied the opportunity to appeal his conviction because of indigency and the improper conduct of his counsel. This is a factual issue which must first be presented to the District Court. The affirmance here is without prejudice to the right of appellant to raise this question on a subsequent § 2255 proceeding should he desire to pursue that course.

Affirmed.