**Delphos B. BURNS, Appellant,**

v.

**Sherman H. CROUSE, Warden, Kansas State Penitentiary, Lansing, Kansas, Appellee.**

**No. 8043.**

United States Court of Appeals
Tenth Circuit.

Nov. 26, 1965.

Morrison Shafroth, of Grant, Shafroth, Toll & McHendrie, Denver, Colo., (Charles L. Saunders, Jr., Denver, Colo., with him on the brief), for appellant.

Richard H. Seaton, Asst. Atty. Gen., of Kansas, (Robert C. Londerholm, Atty. Gen., of Kansas with him on the brief), for appellee.

Before MURRAH, Chief Judge, and PICKETT and HILL, Circuit Judges.

PER CURIAM.

The appellant Burns is a prisoner in the Kansas State Penitentiary where he is serving a sentence of not less than 5 years nor more than 21 years for the crime of first-degree manslaughter. In this habeas corpus action attacking the validity of the sentence, he alleges that myriad errors occurred during the trial in the state court, where he was represented by retained counsel. The court dismissed the petition after a hearing, at which Burns testified at length. Burns is represented before this court by eminent counsel, who contends only that the petitioner was not given a fair opportunity at the hearing below to produce evidence in support of his allegation that the prosecution had knowingly used perjured testimony to obtain his conviction, and that the case should therefore be remanded for further proceedings. We are satisfied that this is the only constitutional question to be considered. Habeas corpus cannot be used as a substitute for appeal. Miller v. Crouse, 10 Cir., 346 F.2d 301.

The record discloses that Burns has brought a number of habeas corpus actions in the Kansas state courts, but it does not show what issues were there considered and disposed of. The attorney general of the State of Kansas stated before the bar of this court that the most recent state action was now pending in the Supreme Court of Kansas. The Kansas statutes provide a remedy in the state courts, similar to that found in 28 U.S.C. § 2255, to test the validity of a state court judgment and sentence under which a prisoner is

being held in custody. K.S.A. 60–1507. A state prisoner can maintain a habeas corpus petition in the federal courts only when it appears that the applicant has exhausted the remedies available to him in the state courts. 28 U.S.C. § 2254. Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837; Wagenknecht v. Crouse, 10 Cir., 344 F.2d 920; Von Eiselein v. Taylor, 10 Cir., 344 F.2d 919; Henry v. Tinsley, 10 Cir., 344 F.2d 109. In federal habeas corpus proceedings brought by state prisoners, the district court should require a showing that the petitioner has exhausted his state remedies on the issues presented. Finan v. Crouse, 10 Cir., 352 F.2d 507; Wagenknecht v. Crouse, supra.

▇▇▇ Judgments of state courts on constitutional questions are not conclusive, but they should be given weight, and they may be accepted if there has been a full and fair hearing by the state court on the same constitutional issues. Cordova v. Cox, 10 Cir., 351 F.2d 269; Miller v. Crouse, supra. The law appears to be settled, however, that upon proper showing that the constitutional rights of an accused have not been respected, the federal courts are duty-bound to make an independent investigation of the entire record and determine whether the state court's findings have substantial support in the evidence. When there is a trial-type hearing, the petitioner should be permitted to produce any relevant evidence.

▇▇▇ During the pendency of this action, the petitioner filed additional petitions for habeas corpus on conventional forms supplied to him.[1] The petitions were dismissed for the reason that they presented the same issues as in the present case. These petitions, together with the orders of dismissal, have been transmitted to this court as a part of the record in this case. We have examined the allegations contained therein and find no error in the orders of dismissal.

The judgment of dismissal as to the present petition is set aside and the case is remanded for further consideration according to the views herein expressed.

1. These petitions were given docket numbers 3699HC, and 3795HC in the district court.