Joe **DELEGAL**, Appellant,

v.

**UNITED STATES of America,** Appellee.

No. 23213.

United States Court of Appeals Fifth Circuit.

July 8, 1966.

---

\* William Harold Cox, United States District Judge for the Southern District of Mississippi, sitting by designation.

434

John J. Sullivan, Aaron Kravitch, Savannah, Ga., for appellant.

Richard C. Chadwick, Asst. U. S. Atty., Donald H. Fraser, U. S. Atty., Savannah, Ga., for appellee.

Before TUTTLE, Chief Judge, and BROWN and COLEMAN, Circuit Judges.

PER CURIAM.

■ Appellant's conviction, after a trial without a jury, was affirmed by this Court in Delegal v. United States, 5 Cir., 1964, 329 F.2d 494, cert. denied, 379 U.S. 821, 85 S.Ct. 44, 13 L.Ed.2d 32. Appellant subsequently sought to vacate his sentence pursuant to 28 U.S.C.A. § 2255,

on the grounds that (1) at his trial the Government was permitted to question him regarding prior convictions over his objection that, not having put his character in issue, he could not be required to incriminate himself in this manner and (2) the Judge's oral response to this objection indicated bias on the part of the Court. The District Court denied § 2255 relief, but following a practice seriously questioned on occasions, see Reiff v. United States, 9 Cir., 1961, 288 F.2d 887, allowed Appellant to remain at liberty on bail pending the outcome of this appeal from that denial.

■ Having concluded that the errors asserted in Appellant's motion are not the kind that may be raised by collateral attack under § 2255, which does not provide a substitute for direct appeal, we affirm. See, e. g., Casados v. United States, 5 Cir., 1966, 354 F.2d 688; Kelly v. United States, 5 Cir., 1965, 350 F.2d 398; Fitzgerald v. United States, 5 Cir., 1965, 352 F.2d 89; Nash v. United States, 5 Cir., 1965, 342 F.2d 366; Kristiansand v. United States, 5 Cir., 1963, 319 F.2d 416; Boruff v. United States, 5 Cir., 1962, 310 F.2d 918; Van De Bogart v. United States, 5 Cir., 1962, 305 F.2d 583; Ingram v. United States, 5 Cir., 1962, 299 F.2d 351; Enzor v. United States, 5 Cir., 1961, 296 F.2d 62, cert. denied, 1962, 369 U.S. 854, 82 S.Ct. 940, 8 L.Ed.2d 12; Larson v. United States, 5 Cir., 1960, 275 F.2d 673, cert. denied, 363 U.S. 849, 80 S.Ct. 1627, 4 L.Ed.2d 1732; Smith v. United States, 5 Cir., 1959, 265 F.2d 14, cert. denied, 360 U.S. 910, 79 S.Ct. 1297, 3 L.Ed.2d 1261.

■ Since it is clear that the errors alleged cannot be reached under § 2255 and there is no expectation that Appellant can obtain either the grant of certiorari from the Supreme Court or, if so, a reversal of this decision, the mandate of this Court shall issue forthwith.

Affirmed.