**Bill HALL, Appellant,**

v.

**Ray H. PAGE, Warden, Appellee.**

**No. 8850.**

United States Court of Appeals
Tenth Circuit.

Oct. 18, 1966.

---

Tom J. Burns, Denver, Colo., for appellant.

Charles L. Owens, Asst. Atty. Gen., Oklahoma City, Okl. (Charles Nesbitt, Atty. Gen., with him on the brief), for appellee.

Before PICKETT and SETH, Circuit Judges, and CHRISTENSEN, District Judge.

PICKETT, Circuit Judge.

Appellant Hall is confined in the Oklahoma State Penitentiary at McAlester, Oklahoma, where he is serving a life sentence for armed robbery. He brought this habeas corpus action alleging that his plea of guilty to the charge was coerced. Relying upon a state court decision denying relief to Hall, the action was dismissed without a hearing. Hall appeals.

The record discloses that while an escapee from the Oklahoma State Penitentiary, Hall, on August 5, 1940, participated in an armed robbery, and in resisting arrest by law enforcement officers on August 9, 1940, he suffered numerous gunshot wounds. He was taken to a hospital in Stillwater, Oklahoma, where he was thought to be near death. On August 13, 1940, he was removed by ambulance to Sapulpa, Oklahoma, and the next day was taken on a stretcher before the Creek County district court for arraignment. After arrival in the courtroom he was given an injection of morphine, and thereafter an attorney was designated to represent him. After a brief conference, the attorney announced that Hall was ready to proceed, and upon arraignment a guilty plea was entered. The statutory delay in sentencing was waived, and sentence was then pronounced.[1] Hall was immediately taken to the penitentiary where a series of blood transfusions, apparently necessary to save his life, was administered.

In 1950 Hall instituted habeas corpus proceedings directly in the Oklahoma Criminal Court of Appeals. The case

---

1. At the sentencing proceedings, the court requested that the attending doctor be called to testify as to Hall's physical and mental condition at the time. The doctor testified that he believed that Hall was mentally competent and that morphine does not tend to depress a person, but "hoots them up like a shot of liquor." As to the extent of Hall's wounds, the doctor testified:

"Q. What are the extent of his wounds? A. Oh, he has two shoulder wounds in the back of the left leg between the knee and hip—in the lower third—about lower third and middle—he has one wound where a ball went through from the left hip —left chest. He has another wound in the back from the right side—seems that ball is in about the fifth—about the first or second lumbar vertebrae—then he suffered a wound where he was just touched with a ball—pistol ball here on this shoulder (indicating). Then he has another wound in the right bicep and another one in the elbow that has fractured his arm. Then he has a mess of bird shot up in the left shoulder. I think that's about all of them. I might have missed a few." Ex Parte Hall, 91 Okl.Cr. 11, 215 P.2d 587, 593.

was disposed of in that court by consideration of the allegations in the petition and the transcript of proceedings in the Creek County district court. The appellate court concluded that the plea of guilty had been voluntarily entered, and accordingly, it dismissed the action. Ex Parte Hall, 91 Okl.Cr. 11, 215 P.2d 587. See, also, Okl.Cr., 261 P.2d 475.

In substance, the petition alleges that the plea of guilty was involuntary, having been coerced by a county sheriff who advised Hall that he would receive no further medical attention, and would not be taken to the state penitentiary for hospital treatment until after a plea of guilty to the pending charges.

 In cases of this kind, federal courts are generally bound by factual determinations of state courts made after a full and fair hearing. But when it is alleged that a plea of guilty is coerced, and the constitutionality of the proceedings is properly questioned, federal courts are duty-bound to make an independent investigation and determine from the entire record whether the finding of the state court has substantial support in the evidence. Burns v. Crouse, 10 Cir., 353 F.2d 489; Pate v. Page, 10 Cir., 325 F.2d 567, cert. denied 379 U.S. 909, 85 S.Ct. 205, 13 L.Ed.2d 181. In Townsend v. Sain, 372 U.S. 293, 313, 83 S.Ct. 745, 757, 9 L.Ed.2d 770, the Supreme Court said:

"We hold that a federal court must grant an evidentiary hearing to a habeas applicant under the following circumstances: If (1) the merits of the factual dispute were not resolved in the state hearing; (2) the state factual determination is not fairly supported by the record as a whole; (3) the fact-finding procedure employed by the state court was not adequate to afford a full and fair hearing; (4) there is a substantial allegation of newly discovered evidence; (5) the material facts were not adequately developed at the state-court hearing; or (6) for any reason it appears that the state trier of fact did not afford the habeas applicant a full and fair fact hearing."

See, also, Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837.

 While litigation, civil or criminal, must end sometime, it seems quite clear that where constitutional rights are involved, federal courts are required to hear the questions presented unless the issue is foreclosed by appropriate previous state court proceedings. State court findings on constitutional issues may be adopted in federal courts only when made after a full and fair hearing on the merits. Townsend v. Sain, supra. It is admitted here that Hall's plea of guilty was accepted under most unusual circumstances. The Oklahoma Criminal Court of Appeals disposed of Hall's habeas corpus action on the record made when the plea of guilty was entered and the sentence pronounced. He has never had an evidentiary hearing on his allegation of coercion in connection with the plea of guilty.

Reversed and remanded for hearing.