**Raymond CURTIS, #121612, Petitioner,**

v.

**E. P. PERINI, Superintendent, Marion Correctional Institution, Respondent.**

**No. C68-232.**

United States District Court
N. D. Ohio, W. D.

Nov. 4, 1968.

---

14. See 26 U.S.C. § 7605(b).

Raymond Curtis in pro. per.

William B. Saxbe, Atty. Gen., State of Ohio, William C. Baird, Asst. Atty. Gen., for respondent.

## OPINION

DON J. YOUNG, District Judge.

This cause came before the Court on petition for a writ of habeas corpus. The allegations of the complaint are that (1) the state court erred in denying post-conviction relief under Ohio Rev.Code § 2953.21 et seq.; (2) the trial court failed to hear evidence in petitioner's original trial; (3) there was a lack of a warrant or probable cause for petitioner's arrest; (4) that the state court erred in failing to advise the petitioner of his right to a trial by jury; (5) petitioner's counsel did not act in the best interest of the petitioner; (6) the trial court denied the petitioner copies of the trial proceeding for petitioner's use in his petition to vacate his sentence under the post-conviction relief provisions; and (7) petitioner was denied counsel in his attempt to vacate his sentence.

The petitioner has presented his claims to the Supreme Court of Ohio in proceedings under the post-conviction relief statute. Thus, the petitioner has exhausted his state remedies within the dictates of 28 U.S.C. § 2254. Fay v. Noia, 372 U.S. 391, 392, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963). Petitioner was sentenced to a term of from ten to twenty years for possession of certain narcotics after a plea of guilty.

Respondent's return of writ will not be considered since it was filed several days after the date given on or before which cause was to be shown.

Petitioner's first contention is that the state court erred in failing to

grant him post-conviction relief. The question of error in general is one of administration of a judicial system. Thus, the primary responsibility for determination of whether a court has erred in general lies with the courts superior to that court or in other words, the state courts. The request of the petitioner here is simply to have this Court second guess the state court. This Court has never and will never engage in such activities. It will only rule upon specifically alleged errors. Thus, this allegation does not state a claim upon which the relief can be granted.

■ Petitioner alleges that he was denied a hearing on the evidence at his original trial. Petitioner pleaded guilty and thus admitted the commission of the crime as charged and thereby waived the necessity of any proof. Thus, this allegation does not state a claim upon which petitioner is entitled to the relief requested.

■ The petitioner alleges that there was a lack of a warrant or probable cause for his arrest. Assuming the truth of this allegation, the defect was waived by the plea of guilty. State v. Hooper, 10 Ohio App.2d 229, 227 N.E.2d 414 (1966); Ryan v. Conover, 59 Ohio App. 361, 18 N.E.2d 277 (1937); Billington v. Hoverman, 18 Ohio Cir.Ct.R. 637 (1899). Thus, the allegation does not state a claim which entitled petitioner to the relief sought.

■ Petitioner alleges that he was not initially informed of his right to trial by jury. This defect was likewise waived by the plea of guilty. Further, the petitioner has not shown any prejudice to have resulted from the failure of the court to advise him of his right. This allegation does not state a claim which entitles the petitioner to the relief sought.

■ Petitioner alleges that his counsel was not acting in the petitioner's best interest. No facts are alleged to support this allegation. The Court notes that two of the three counts against the petitioner were dropped. The fact that counsel upon determining the status of his client advises that client to plead guilty does not of itself constitute acting adversely to the interest of the client. Thus, this allegation does not entitle the petitioner to the relief sought.

Petitioner alleges that he was denied a copy of the transcript of his original trial for post-conviction proceedings. The docket of the trial court shows that a transcript was provided for use in the post-conviction proceedings. This meets with the commands of Douglas v. California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed. 2d 811 (1963). Thus, this allegation does not entitle petitioner to the relief requested.

■ Finally, petitioner alleges that he was denied counsel in his attempts at post-conviction relief. The right to counsel in these proceedings is analogous to the right to counsel in a proceeding for a writ of habeas corpus under 28 U.S. C. § 2241 et seq. This right is not considered to be absolute. Kapsalis v. United States, 345 F.2d 392 (7th Cir. 1965); Huizar v. United States, 339 F. 2d 173 (5th Cir. 1964). Upon review of the record, this Court is of the opinion that the state court did not err in failing to appoint counsel for the petitioner. Thus, there is nothing in this allegation which entitles petitioner to the relief sought.

For the foregoing reasons, the petition should be dismissed. An order will be entered accordingly.