**The UNITED STATES**

v.

**Joe Hansel SUMMERLIN.**

**Crim. No. 2377–E.**

United States District Court
M. D. Alabama, E. D.

Jan. 31, 1969.

Ben Hardeman, U. S. Atty., Montgomery, Ala., for plaintiff.

Ira DeMent, Montgomery, Ala., for defendant.

### ORDER

PITTMAN, District Judge.

The petitioner, Joe Hansel Summerlin, pleaded guilty before this court April 17, 1967. His petition, which is styled A Writ Error Coram Nobis, is treated as a petition as provided for in Title 28, U.S.C.A., Section 2255. Leave is granted to the petitioner to proceed *in forma pauperis*, Title 28, U.S.C.A., Section 1915(a).

By the indictment of the Grand Jury filed February 9, 1967, the petitioner and one Harold Thomas Barnes were charged with on or about December 26, 1966, transporting a stolen motor vehicle, to wit, a 1966 Chevrolet Impala, from McAllen, Texas to Tuskegee, Alabama, in the Middle District of Alabama, then knowing the motor vehicle to have been stolen.

On February 7, 1967, the Honorable Ira DeMent, Montgomery, Alabama, a member in good standing of the Bar, was appointed by this court as legal counsel for the petitioner.

On April 3, 1967, the petitioner was arraigned and pleaded not guilty.

On April 17, 1967, the petitioner by and with his attorney withdrew his plea of Not Guilty and entered a plea of Guilty. On April 21, 1967, the court sentenced the petitioner to the custody of the Attorney General of the United States for a period of four years.

Regarding his decision to plead guilty, the petitioner alleges that after interrogation and very little assistance of counsel, and under duress and other circumstances, that he then pleaded guilty. Before the guilty plea was taken the petitioner (as hereinafter set out) was carefully questioned from the Bench as to the voluntariness of his plea, as to any mistreatment, and to his attorney's services. At that time the petitioner voiced no complaints of duress or ineffective counsel, but rather, expressly stated to the court that his plea of guilty was given voluntarily and with full understanding of the legal consequences thereof.

The record reflects that the court ascertained from the defendant that he was 38 years old and had had one year of college. The court read to the petitioner what he was charged with and explained the penalty. The court explained to the petitioner that he had a right to a jury trial merely by asking for it. Each of those rights was gone over separately and each time the petitioner stated that he understood. The petitioner, in response to further questioning, stated that no one had told him it would be better to plead guilty or worse to plead not guilty. He stated he had no questions to ask, that he was satisfied with the services of his lawyer, and he had done the things he was charged with and that that was the reason he wanted to plead guilty. With this information the court accepted the guilty plea. This court therefore holds that the plea was voluntary and without duress.

The court takes judicial notice that petitioner's attorney is an able member of the Montgomery Bar and at the same time directs its attention to the rule expressed by Judge Maris in Busby v. Holman, 356 F.2d 75, 79 (5 Civ., 1966):

> "It is not counsel who is on trial. There can be held to be a lack of the effective assistance of counsel only when it appears that counsel's assistance was so grossly inept as to shock the conscience of the court and make the proceedings a farce and a mockery of justice."

The petitioner also alleges "after sentence had been passed, the judge uttered bias and prejudice from the Bench by adding, 'I reccomend [sic] that you serve every day of your sentence.'" The record does not reflect, nor has the court a recollection of making such a statement. If the court made such a state-

ment after a study of the case and pre-sentence report it would not be error, but the court does not make a practice of making such comments.

The petitioner seeks relief on several other grounds without allegations to connect them to his plea of guilty and are on their face without merit. Hamilton v. State of Florida, 5 Cir., 1968, 390 F.2d 872, which cites Busby v. Holman, 5 Cir., 356 F.2d 75, 77, which held that:

"* * * the plea, if voluntarily and understandingly made, is conclusive as to the defendant's guilt, admitting all the facts charged and waiving all non-jurisdictional defects in the prior proceedings against him."

Having considered the entire petition and in accordance with the foregoing, it is the order, judgment and decree of this court that the motion to vacate sentence filed by Joe Hansel Summerlin be and the same is hereby denied.