**Frank PRICE, Petitioner-Appellee,**

v.

**John W. TURNER, Warden, Utah State Prison, Respondent-Appellant.**

**No. 567-69.**

United States Court of Appeals, Tenth Circuit.

Feb. 6, 1970.

Alexander H. Walker, Jr., Salt Lake City, Utah, for appellee.

R. Bruce Bybee, Asst. Atty. Gen., State of Utah, Salt Lake City, Utah (Vernon B. Romney, Atty. Gen., and Lauren N. Beasley, Asst. Atty. Gen., on the brief), for appellant.

Before PICKETT, LEWIS and HICKEY, Circuit Judges.

**PER CURIAM.**

This is an appeal by the Warden of the Utah State Penitentiary from an order granting a writ of habeas corpus and releasing Frank Price, a prisoner in the Penitentiary. From the brief record and a colloquy between the trial court and counsel it appears that in May, 1964 the appellee, Price, then fifteen years of age, was taken into custody by the Salt Lake City, Utah Police as a suspect for the crime of rape. Price was first taken before a juvenile judge, but apparently was thereafter prosecuted in the Third District Court of Salt Lake County, Utah as an adult and sentenced by a judge of that court. The record is silent as to what took place in the juvenile court and does not disclose any of the district court proceedings. The amended petition for habeas corpus alleges that incriminating statements were obtained from Price by the Salt Lake City Police without adequately advising him of his constitutional rights and that he was without counsel and was not advised of his right thereto when he appeared before the juvenile judge. These allegations present federal constitutional questions which have not heretofore been determined factually by any court and were not stipulated to by counsel. An evidentiary hearing is necessary. Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963); Maes v. Patterson, 401 F.2d 200 (10 Cir. 1968); Brown v. Crouse, 399 F.2d 311 (10 Cir. 1968); Taylor v. Page, 381 F.2d 717 (10 Cir. 1967), cert. denied, 389 U.S. 1023, 88 S.Ct. 598, 19 L.Ed.2d 670; Dentis v. State of Oklahoma, 376 F.2d 590 (10 Cir. 1967); Hall v. Page, 367 F.2d 352 (10 Cir. 1966); Burns v. Crouse, 353 F.2d 489 (10 Cir. 1965).

Under Utah law on the date of Price's arrest, the district court and the juvenile court had concurrent jurisdiction of juveniles over the age of fourteen years charged with an offense which if committed by an adult would be a felony. Utah Code Ann. 1953, § 55-10-5(2). It is the Utah District Court judgment and sentence which is under attack here, and its invalidity cannot be determined without a showing that unconstitutional acts of the Salt Lake City Police permeated it. It is not enough to show only that prior to Price's appearance in District Court he was not afforded all his constitutional rights as such rights may be waived. Acuna v. Baker, 418 F.2d 639 (10 Cir., Sept. 30, 1969).

The order sustaining the petition for habeas corpus is vacated and Price is remanded to the custody of the appellant warden. The case is returned to the District Court for further proceedings. The mandate shall issue forthwith.