Norma Jean Spagner GIST, Petitioner,

v.

**STATE OF OKLAHOMA et al.,**
Respondents.

Civ. No. 73–142.

United States District Court,
E. D. Oklahoma,
Civil Division.

Feb. 4, 1974.

Donald W. Davis, Oklahoma City, Okl.,
for petitioner.

Kay Karen Kennedy, Asst. Atty. Gen.,
Oklahoma City, Okl., for respondents.

## ORDER

DAUGHERTY, Chief Judge.

This cause is before the court on the Amended Petition of Norma Jean Spagner Gist for a writ of habeas corpus. Petitioner is serving a ten year sentence in the Oklahoma State Penitentiary at McAlester, Oklahoma, in the Eastern Judicial District of Oklahoma for the crime of shooting with intent to kill imposed by the District Court of McCurtain County, Oklahoma. The respondents have filed their answer by and through the Attorney General of the State of Oklahoma and attached to said answer as an exhibit the transcript of said trial.

The petitioner contends that she is unlawfully detained because her constitutional rights were violated by the failure of the trial court to give requested instructions on lesser included offenses; by improper participation of the trial judge in the examination of witnesses; and by the receipt in evidence of the fruits of an illegal search.

■■ A direct appeal of her conviction was perfected by the petitioner in the Court of Criminal Appeals for the State of Oklahoma. The issues now before this court were presented therein and determined adversely to her. Gist v. State, 509 P.2d 149. She has filed no application for relief under the Oklahoma Post-Conviction Procedure Act, 22 O.S.A. § 1080 et seq. Ordinarily the institution of a post conviction action in the state sentencing court is a prerequisite to the granting of habeas relief in a federal court even though the petitioner may have unsuccessfully pursued a direct appeal. Brown v. Crouse, 395 F.2d 755 (C.A.10 1968) and Omo v. Crouse, 395 F.2d 757 (C.A.10 1968). An exception is made when there are no facts to be developed and the issue is purely one of law. Sandoval v. Rodriguez, 461 F.2d 1097 (C.A.10 1972). The first two questions are clearly only matters of law. The question of illegal search generally requires the development of facts, but here the trial court conducted an ev-identiary on petitioner's Motion to Suppress, (Tr. 7–17) and in its present posture in this court only the question of legality remains. We therefore conclude that the petitioner has exhausted her state remedies.

■ The failure of the court to instruct on lesser included offenses is not a cause for federal habeas corpus relief. Poulson v. Turner, 359 F.2d 588 (C.A.10 1966), cert. denied 385 U.S. 905, 87 S.Ct. 219, 17 L.Ed.2d 136. In Crossley v. California, 168 U.S. 640, 18 S.Ct. 242, 42 L.Ed. 610 (1898), the Supreme Court stated that it was not within the province of the federal courts to interfere where the petitioner complained by petition for writ of habeas corpus that the state court failed to instruct on a lesser included offense.

■ The second proposition of the petitioner is simply a bald conclusion. She merely complains of "the excesses of the court's participation in the cross-examination and the examination of witnesses" without specifying a single instance of misconduct. The court is not bound to search the record for some undisclosed but vitiating circumstances. See Hilliard v. United States, 345 F.2d 252 (C.A.10 1965). Since there are no specific allegations of fact her claim is legally insufficient. Martinez v. United States, 344 F.2d 325 (C.A.10 1965); Stephens v. United States, 246 F.2d 607 (C.A.10 1957). The court however, has examined the transcript of trial and is satisfied that the participation of the court in the examination of witnesses, if erroneous, constituted only trial errors which were not of a magnitude to raise a due process question and do not afford a basis for habeas relief. See Mathis v. People of Colorado, 425 F.2d 1165 (C.A.10 1970).

■ The question of illegal search is of constitutional dimensions. By virtue of the Fourteenth Amendment the proscriptions of the Fourth Amendment are made applicable to state officers. Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961). Therefore

incriminating matters seized in violation of the Fourth Amendment are inadmissible in state prosecutions. Massey v. United States, 358 F.2d 782 (C.A.10 1966). Where the allegations in a state prisoner's petition for writ of habeas corpus present federal constitutional questions which have not previously been determined factually by any court and are not stipulated to by counsel an evidentiary hearing is required. Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963); Price v. Turner, 421 F.2d 191 (C.A.10 1970); Maes v. Patterson, 401 F.2d 200 (C.A.10 1968). Brown v. Crouse, 399 F.2d 311 (C.A.10 1968); Taylor v. Page, 381 F.2d 717 (C.A.10 1967), cert. denied 389 U.S. 1023, 88 S.Ct. 598, 19 L.Ed.2d 670; Dentis v. State of Oklahoma, 376 F.2d 590 (C.A.10 1967); Hall v. Page, 367 F.2d 352 (C.A.10 1966); Burns v. Crouse, 353 F.2d 489 (C.A.10 1965). However, in this case the federal constitutional question presented has been previously determined factually by the District Court of McCurtain County. The trial court considered the merits of petitioner's objections to the search in a pretrial hearing on a Motion to Suppress (Tr. 7–17) and during the course of the trial. (Tr. 126–129). The officer who seized the property testified that the seizure was after she was arrested. (Tr. 126). Petitioner stated that the property was not taken until the officers got ready to put her in a cell (Tr. 10) which was 45 minutes to 2 hours after she had arrived at the sheriff's office and volunteered that she had shot the victim. (Tr. 15, 124, 126). The trial court found the search was incident to a lawful arrest (Tr. 17). The Court of Criminal Appeals after reviewing the testimony concluded "it is thus readily apparent the purse was not seized until after the defendant's arrest". 509 P.2d at 151. The hearing afforded by the trial judge satisfies fully the requirements of 28 U.S.C.A. § 2254 and is presumed to be correct. Petitioner does not claim that this hearing did not meet the rule of Townsend v. Sain, supra, or challenge it on any other grounds set forth in 28 U.S.C.A. § 2254(d) and (e). After independent review of the proceedings of the evidentiary hearing conducted by the District Court of McCurtain County we find that there was factual and legal support for the adjudication of the trial court and approve the same. This court therefore is not required to hold an evidentiary hearing on this issue. See Maxwell v. Turner, 411 F.2d 805 (C.A.10 1969).

Accordingly, the petition for writ of habeas corpus will be denied.

It is so ordered.