Thomas A. **BRADSHAW**, #87400,
Petitioner,

v.

**STATE OF OKLAHOMA**, Respondent.

No. 74–335–C.

United States District Court,
E. D. Oklahoma,
Civil Division.

Feb. 25, 1975.

Hardy Summers, Muskogee, Okl., for petitioner.

Edwin L. Gage, Asst. U. S. Atty., Muskogee, Okl., for respondent.

### ORDER

DAUGHERTY, Chief Judge.

This is a proceeding for writ of habeas corpus by a state prisoner who challenges the validity of the judgment and sentence of the District Court of Muskogee County, Oklahoma, in Case No. CRF–71–134. The respondents by and through the Attorney General of the State of Oklahoma have filed the Response requested by the court and submitted in support thereof the original record and transcript of trial in petitioner's case.

From the court's examination of these records it appears that the petitioner was charged, tried and convicted in the District Court of Muskogee County in said case No. CRF–71–134 for the offense of obtaining property by false pretense. Pursuant to the verdict of the jury, the court on June 23, 1972 sentenced the petitioner to a term of 10 years imprisonment and fined him the sum of $5,000.00.

The petitioner has exhausted his state remedies by presenting all issues herein to the Oklahoma courts in his direct appeal and appropriate post conviction proceedings. The Opinion of the Oklahoma Court of Criminal Appeals on the direct appeal fully summarized the details of the evidence in the case and this court will refer to the evidence only as it may be pertinent to the disposition of the issues herein. See *Bradshaw v. State,* Okl.Cr., 510 P.2d 972.

As grounds for relief the petitioner alleges:

"(A). The court erred in failing to dismiss the case at the close of the state's evidence and at the close of the trial for the reason that there was no corroboration of the communication of the alleged oral false pretence.

(B) The court erred in failing to dismiss the case at the close of the state's evidence and at the close of the trial for the reason that the venue was in Cherokee County and not in Muskogee County.

(C) The court erred in failing to dismiss the case at the close of the state's evidence and at the close of the trial for the reason that the transfer of property alleged in the information was not pursuant to a reliance on the alleged false pretense.

(D) The court erred in failing to give defendants requested instructions 1 through 4.

(E) The court erred in giving instructions 7 and 11.

(F) The court erred in failing to grant a mis-trial due to improper closing arguments of the assistant District Attorney.

(G) The court erred in failing to reverse the conviction on the 1st grounds set out in his application for Post Conviction relief, for the reason that, The Case-made is deleted, it contains false statements and is not a true and correct copy of the trial proceedings. Thereby denying your petitioner his right to appeal from the record of conviction and due process of law.

(H) The court erred in failing to reverse the conviction on the 2nd. grounds set out in his application for Post Conviction relief, for the reason that; The jury was prejudiced and bias against petitioner, thereby denying your petitioner his rights to a fair and impartial trial and due process of law.

(I) The court erred in failing to reverse the conviction on the 3rd grounds set out in his application for Post Conviction relief for the reason that, The trial judge was prejudice against petitioner and failed to perform his sworn duty. Thereby denying your petitioner his rights to a fair and impartial trial and due process of law.

(J) The court erred in failing to reverse the conviction on the 4th grounds set out in his application for Post Conviction relief for the reason that; defense counsel was inadequate and his ineffective aid was equivalent to no representation at all. Thereby denying your petitioner to a fair trial and due process of law.

(K) The court erred in failing to reverse the conviction on the 5th grounds set out in his application for Post Conviction relief for the reason that; The perjured testimony of the co-defendant, denied petitioner his rights to a fair trial and due process of law.

(L) The court erred in failing to reverse the conviction on the 6th grounds set out in his application for Post Conviction relief, for the reason that; The co-defendant was sentenced to a lesser punishment when he was equally guilty. Denying your petitioner his rights of Equal Protection and due process of the law.

(M) The court erred in failing to reverse the conviction on the 7th grounds set out in his application for Post Conviction relief, for the reason that; The perjured conflicting testimony of the prosecutrix denied your petitioner his rights to a fair trial and due process of law.

(N) The court erred in failing to reverse the conviction on the 8th grounds set out in the application for Post Conviction relief, for the reason that, There is a fatal variance between the information and the verdict in that the evidence supports some other crime not charged in the information, and the state did not attempt to prove the crime charged in the information. Thereby denying your petitioner his rights as set out in the 8th and 14th Amendments to the Constitution of the U. S.

(O) The court erred in failing to reverse the conviction on the 9th grounds set out in the application for Post Conviction relief, for the reason that; The court erred in giving instructions # No. 2 to the jury. Thereby denying your petitioner his rights to a fair trial and due process of law.

(P) The court erred in failing to reverse the conviction on the 10th grounds set out in the application for Post Conviction relief, for the reason that this defendant was not allowed to be present at all stages of the proceedings, thereby denying your petitioner his rights to a fair trial and due process of law.

(Q) The court erred in failing to reverse the conviction, on prejudicial irregularities shown in the record. As brought out in the hearing on petitioners application for Post Conviction relief. Thereby further denying your petitioner due process of law.

(R) The court erred in that, all allegations and (grounds) presented in

the application for Post Conviction relief were overruled without findings of fact or conclusions of law. Thereby denying your petitioner due process of law.

(S) The court erred in that; the court failed to issue a written order denying the relief prayed in the application for Post Conviction relief. Thereby denying your petitioner due process of law.

(T) The court erred in denying your petitioner his rights to subpoena witnesses at the evidentiary hearing. Thereby denying your petitioner his rights to a full evidentiary hearing and due process of law.

(U) The court erred in that the Dist. Judge conducting the evidentiary hearing was prejudice and bias against your petitioner and failed to give a fair and full hearing on the issues clearly presented in the application for Post Conviction relief and actually threatened bodily harm to your petitioner. Thereby denying your petitioner his rights to a full and fair hearing and due process of law.

(V) The court erred in that appointed counsel at the hearing for post conviction relief had no interest in aiding petitioners cause and refused his duty as advocate and his ineffective aid was in fact a determent to your petitioner. Thereby denying your petitioner his rights to a fair and full hearing and due process of law."

■■■ Preliminarily it may be observed that the petitioner apparently misconceives the scope of habeas corpus. Habeas corpus in the federal courts does not serve as an additional appeal from state court convictions. *Fay v. Noia,* 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963). Federal habeas corpus relief is available to state prisoners only on denial by the state of federal constitutional rights. 28 U.S.C.A. § 2254; *Townsend v. Sain,* 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963); *United States*

*ex rel Little v. Twomey,* 477 F.2d 767 (CA10 1973), cert. denied 414 U.S. 846, 94 S.Ct. 112, 38 L.Ed.2d 94; *Mathis v. People of the State of Colorado,* 425 F.2d 1165 (CA10 1970). It is not available to review mere trial errors in criminal cases. *Pierce v. Page,* 362 F.2d 534 (CA10 1965).

■■■ The petitioner's complaints lettered R, S, T, U, and V, all relate to alleged defects in the state post conviction proceedings. These allegations do not raise a federal constitutional question. *Curtis v. Perini,* 301 F.Supp. 444 (D.C.Ohio 1968), affd 6 Cir., 413 F.2d 546. There is no federal constitutional requirement that the state provide a means of post conviction review of state court convictions. See *McKane v. Durston,* 153 U.S. 684, 14 S.Ct. 913, 38 L.Ed. 867 (1894) and *Griffin v. Illinois,* 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956). The unavailability or adequacy of state post conviction procedures are material only in the context of exhaustion of state remedies on federally protected rights. Errors or defects in the state post conviction proceeding would not ipso facto render a prisoner's detention unlawful. *Noble v. Sigler,* 351 F.2d 673 (CA8 1965). As pointed out by the court in *Stokley v. State of Maryland,* 301 F.Supp. 653 (D. Md.1969):

"Even assuming that, as claimed by petitioner, there was some infirmity in his post-conviction proceedings, petitioner would not be entitled to federal habeas corpus relief on this ground inasmuch as such a claim represents an attack on a proceeding collateral to the detention of petitioner and not on the detention itself." (301 F.Supp. at 657).

See also *Welborn v. Cox,* 337 F.Supp. 16 (W.D.Va.1971).

■■■ The petitioner's complaints lettered A, B, and C are essentially that the evidence against him was not sufficient to sustain the conviction. It is well established that the sufficiency of

evidence to support a state conviction raises no federal constitutional question and cannot be considered in federal habeas proceedings by state prisoners. *Sinclair v. Turner,* 447 F.2d 1158 (CA 10 1971). The requirement that the communication and oral false pretense be corroborated is found solely in the Oklahoma law. 22 O.S.A. § 743. There is no federal constitutional requirement that testimony against an accused be corroborated by another source. See *Caminetti v. United States,* 242 U.S. 470, 37 S.Ct. 192, 61 L.Ed. 442 (1917); *United States v. DeLaRosa,* 450 F.2d 1057 (CA3 1971); cert. denied *Baskin v. United States,* 405 U.S. 927, 92 S.Ct. 978, 30 L.Ed.2d 800, cert. denied *Noel v. United States,* 405 U.S. 957, 92 S.Ct. 1188, 31 L.Ed.2d 235; cert. denied *Jones v. United States,* 405 U.S. 957, 92 S.Ct. 1189, 31 L.Ed.2d 236. The venue of a crime is an element to be established by evidence at the trial, and question of locus of a crime involves consideration of evidence which is for determination of the trial court and jury and cannot be reviewed on habeas corpus. *United States ex rel Holly v. Commonwealth of Pennsylvania,* 81 F. Supp. 861 (W.D.Pa.1948), affd 174 F.2d 480 (CA3 1949). From its review of the trial transcript the court is satisfied that the verdict of guilty is not so devoid of evidentiary support as to raise a due process issue. See *Lorraine v. United States,* 444 F.2d 1 (CA 10 1971). This conclusion also forecloses petitioner's claim N concerning variance. The claim of variance is not reviewable by way of habeas corpus as it does not raise a federal constitutional issue. *Williams v. Rundle,* 321 F. Supp. 412 (E.D.Pa.1970).

 Items D, E and O of the petition pertain to the court's instructions. The matters urged were fully considered by the state courts. The Oklahoma Court of Criminal Appeals determined that they fairly presented the issues involved and that the requested instructions of the petitioner were substan-

tially covered in the trial court's instructions. Ordinarily the failure to instruct the jury properly is an error which can be considered only on direct appeal and does not afford a basis for collateral attack. *Martinez v. Patterson,* 371 F.2d 815 (CA10 1966); *Carrillo v. United States,* 332 F.2d 202 (CA10 1065). The court has examined the instructions and can find no error which might have had such an effect on the trial as to render it so fundamentally unfair that it constituted a denial of a fair trial in the constitutional sense. See *Lorraine v. United States,* supra.

 The petitioner's complaint F concerning the closing argument of the prosecutor is not of constitutional significance. It appears that the prosecutor did improperly refer to the way that the defendants had spent the money which they received as result of their scheme when there was no evidence to justify such comment. The defense counsel properly made an objection which was sustained by the trial court and the jury was admonished not to consider the statement. The appeals court found that his remarks were not determinative. Such review is final. Trial errors involving misconduct of the prosecuting attorney can only be reviewed by appeal. *Alexander v. Daugherty,* 286 F.2d 645 (CA10 1961). This is not a case where the comments of the prosecutor infringed upon any specific guarantees of the Bill of Rights. It does not present a case where the prosecutor consistently and repeatedly misrepresented the evidence before the jury. Cf. *Miller v. Pate,* 386 U.S. 1, 87 S.Ct. 785, 17 L.Ed.2d 690 (1967). It is not a case where there was nondisclosure by the prosecutor of specific evidence favorable to the accused. Cf. *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). It certainly does not constitute that sort of flagrant misconduct necessary to establish a denial of constitutional due process for relief on collateral attack. See *Donnelly v. DeChristoforo,*

416 U.S. 637, 94 S.Ct. 1868, 40 L.Ed.2d 431 (1974).

The petitioner's contention that he was denied the effective assistance of counsel is wholly without merit. This court may take judicial notice that the petitioner's attorney was an able member of the bar. *Lorraine v. United States,* supra; *Mitchell v. United States,* 432 F.2d 94 (CA10 1970); *United States v. Summerlin,* 298 F.Supp. 929 (M.D.Ala.1969). The petitioner admits his privately retained attorney is "a highly skilled attorney." The matters complained of generally relate to trial strategy or tactics and therefore involve elements of discretion and judgment on which skilled and experienced advocates might honestly disagree. Where a defendant is represented by an attorney of his own selection, he is bound by his decision as to trial strategy. *United States v. Hill,* 310 F.2d 601 (CA4 1962); *United States v. Bertone,* 249 F.2d 156 (CA3 1957). Simply because his attorney does not now meet his standards of effectiveness does not destroy the essential integrity of the proceedings or constitute a denial of due process. See *Moss v. Hunter,* 167 F.2d 683 (CA10 1948), cert. denied 334 U.S. 860, 68 S.Ct. 1519, 92 L.Ed. 1780, reh. denied 335 U.S. 839, 69 S.Ct. 8, 93 L.Ed.2d 390; *Johnson v. United States,* 333 F.2d 371 (CA10 1964). The burden on the petitioner to establish a claim of ineffective assistance of counsel is heavy and neither hindsight nor success is the measure. *Ellis v. Oklahoma,* 430 F.2d 1352 (CA10 1970). It does not mean victorious or flawless counsel. *Brady v. United States,* 433 F.2d 924 (CA10 1970). The United States Court of Appeals for the Tenth Circuit in *Frand v. United States,* 301 F.2d 102, 103 (CA10 1962) stated:

"But the constitutional right to the effective assistance of counsel does not vest in the accused the right to the services of an attorney who meets any specified aptitude test in point of professional skill. And common mistakes of judgment on the part of counsel, common mistakes of strategy, common mistakes of trial tactics, or common errors of policy in the course of a criminal case do not constitute grounds for collateral attack upon the judgment and sentence by motion under the statute. It is instances in which resulting in the substandard level of the services of the attorney the trial becomes mockery and farcical that the judgment is open to collateral attack on the grounds that the accused was deprived of his constitutional right to effective assistance of counsel."

In *United States v. Cariola,* 323 F.2d 180 (1963) the Third Circuit said at 185 n. 4:

"The services of counsel meet the requirements of due process when he is a member in good standing at the bar, gives his client his complete loyalty, serves him in good faith to the best of his ability, and his service is of such character as to preserve the essential integrity of the proceedings as a trial in a court of justice. Only when the representation of an attorney is so lacking in competence or good faith that it becomes the duty of the trial judge or prosecutor as officers of the state to observe and correct it, is there a denial of due process. *United States ex rel. Darcy v. Handy,* 203 F.2d 407, 427 (3rd Cir. 1953)."

By these tests the petitioner was not deprived of his constitutional right to effective assistance of counsel. While it can be persuasively reasoned that the dereliction of petitioner's privately retained counsel, if any, would not be chargeable to the State (See *Howard v. Beto,* 375 F.2d 441 (CA5 1967); *Davis v. Bomar,* 344 F.2d 84 (CA6 1965); *Johnson v. Smith,* 295 F.Supp. 835 (D.C.Ga.1968), aff'd 414 F.2d 645, cert. denied 397 U.S. 951, 90 S.Ct. 975, 25 L.Ed.2d 133), the court has examined

the proceedings on the basis that the measure of effective representation for due process purposes is fundamentally the same for retained and appointed counsel. See *Ellis v. Oklahoma,* supra and *Bell v. State of Alabama,* 367 F.2d 243 (CA5 1966). From the examination of the records there is no basis to conclude that the proceedings were a mockery, sham or farce or that the representation was only perfunctory, in bad faith, a sham, pretense or without adequate opportunity for conference and preparation. See *Goforth v. United States,* 314 F.2d 868 (CA10 1963).

 In item "G" the petitioner contends that the transcript of his trial contained errors and omissions and therefore he was denied a proper appeal. He does not specify any particular in which he may have been prejudiced if his allegations were true. In accordance with Oklahoma procedure petitioner's attorney at the time of his notice of appeal filed a designation of record consisting of the entire original record and the entire transcript of the evidence. He did not request a transcript of all proceedings. The court reporter properly certified to the transcript requested and defendant's attorney filed it and the original record with the Clerk of the Court of Criminal Appeals to perfect the appeal. It does not appear, nor is it alleged, that the defense ever requested anything more for the petitioner's direct appeal. The petitioner was entitled to "a 'record of sufficient completeness' to permit proper consideration of [his claim]." *Draper v. Washington,* 372 U. S. 487, 499, 83 S.Ct. 774, 781, 9 L.Ed.2d 899 (1963). There is absolutely no showing that anything further was necessary to consideration of petitioner's claims by the Court of Criminal Appeals. See *United States ex rel. Mack v. Walker,* 231 F.Supp. 819 (D.C.La.1964) aff'd 5 Cir., 372 F.2d 170, cert. denied 393 U.S. 1030, 89 S.Ct. 641, 21 L.Ed.2d 573. Obviously, petitioner's attorney thought

it adequate for that purpose since he never objected to it nor sought in any way to correct or supplement it. When a petitioner can only point out trivial matters which he claims are in error and they were not material to the merits of his appeal, he has not been denied due process. *Johnstone v. Swenson,* 363 F.2d 643 (CA8 1966). The general claim of errors in omitted portions of a transcript does not even present a ground for federal habeas corpus. *United States ex rel. Hunter v. Follette,* 307 F.Supp. 1023 (S.D.N.Y.1969).

 It is apparently the basis of petitioner's complaint "H" that the jury became prejudiced toward him in the course of the trial when the prosecutrix was permitted to resume her testimony in a wheel chair disabled and bleeding after a noon recess in which she had fallen. He would have the court assume that the jury necessarily concluded that he was responsible for the change in her appearance and that the jury disregarded its duty to decide petitioner's case impartially without passion or sympathy. This is sheer speculation. There was no motion for mistrial or continuance by the defense when the trial resumed after lunch. Not a shred of evidence is suggested to establish the misconduct of any juror. Surmise and suspicion are not enough to overthrow the verdict of the jury. *Ellis v. State, supra.* As stated in *Latham v. Crouse,* 330 F.2d 865, 868 (10 Cir., 1964):

"Prejudice must be established 'not as a matter of speculation but as a demonstrable reality'."

 In ground for relief lettered "I" the petitioner contends his trial judge, a distinguished district judge and present member of the Oklahoma Criminal Court of Appeals, was biased and prejudiced toward him. The complaint is frivolous. A claim that the court was biased and prejudiced cannot be raised in a collateral attack. *United*

*States v. Pugh*, 106 F.Supp. 209 (D.C. Guam 1952), reversed on other grounds, 9 Cir., 212 F.2d 761. See also *Delegal v. United States*, 363 F.2d 433 (CA5 1966) and *United States v. Kravitz*, 303 F.2d 700 (CA3 1962). Our review of the record confirms the trial was conducted as the court would expect in a fair and impartial manner, free from any judicial impropriety.

 The petitioner's complaint "L" that his co-defendant received a lesser sentence is without merit. The co-defendant's sentence was imposed by the court after a plea of guilty and petitioner's sentence was fixed by the jury. When the petitioner elected to plead not guilty he chose to take his chances with the jury. He cannot now complain because he did not do as well as his co-defendant. The punishment which the petitioner received was within statutory limits. His allegations that another person convicted of the same offense has received a lesser sentence does not state a valid ground for collateral attack on his conviction. *Simmons v. United States*, 230 F.2d 73 (CA10 1956). In *Allen v. VanCantfort*, 436 F.2d 625, 631 (CA1 1971) the court aptly stated:

"Petitioner also contends that he was denied equal protection and due process because one of his co-defendants was never tried, two were found not guilty, two received clemency, and one received a mere two-year sentence. Although equal protection would of course require that the proceedings against petitioner and his co-defendants accord them all substantially the same procedural safeguards, see generally *Connor v. Picard*, 434 F.2d 673 (1st Cir. 1970), there is no constitutional requirement that their cases receive the same final disposition."

 Like so many of his other complaints, the petitioner's contention "P" that he is entitled to relief because he was not present in chambers when the court discussed the instructions with his attorney and the state's attorney is not of constitutional dimensions. *Brown v. Pepersack*, 217 F.Supp. 547 (D.Md. 1963), aff'd 334 F.2d 9 (CA4 1964), cert. denied 379 U.S. 917, 85 S.Ct. 269, 13 L.Ed.2d 188. It is not essential that the defendant be present in chambers during consideration of principles of law to which he could contribute nothing. *Deschenes v. United States*, 224 F.2d 688 (CA10 1955). In *Root v. Cunningham*, 344 F.2d 1, 5 (CA4 1965) the court concluded:

"In *Snyder v. Commonwealth of Massachusetts*, 291 U.S. 97, 54 S.Ct. 330, 78 L.Ed. 674, the Supreme Court said that the presence of an accused during prosecution for a felony is a condition of due process only to the extent that a fair and just hearing would be thwarted by his absence, and that his privilege to be present in person during prosecution must have a reasonable substantial relation to fullness of opportunity to defend against the charge. We find that the absence of the appellant in this case from the court's chambers during consideration [of] instructions bore no 'reasonable substantial relation' to his 'fullness of his opportunity to defend against the charge' for which he was on trial."

The allegations of the petitioner regarding "the perjured conflicting testimony of the prosecutrix" in item "M" do not raise a federal constitutional question. A federal constitutional question arises only when it is alleged that there has been knowing use of perjured testimony by the prosecution. *Wild v. State of Oklahoma*, 187 F.2d 409 (CA10 1951). Before perjured testimony can provide grounds for the vacation of a conviction the petitioner must establish that the testimony was false, that it was material and that it was knowingly and intentionally used by the government to obtain a conviction. *McBride v. United States*, 446 F.2d 229 (CA10 1971). Here

there are no allegations that the prosecution knew the alleged perjured testimony to be false. Petitioner simply alleges that her testimony was inconsistent, contradictory and frequently changed. This is not enough. The apparent discrepancies were before the jury and its members could attach such weight to them as they deemed appropriate in weighing her credibility. As stated in *United States v. Spadafora*, 200 F.2d 140, 142 (CA7 1952):

"... Trivial conflicts in testimony ... do not constitute perjury. Any conflicting statements of witnesses upon the trial are for the jury to resolve. Those experienced in the trial of cases realize that it is a common occurrence to have some conflicts in the testimony of witnesses, and that any conflict in itself is not a signpost of perjury."

The existence of such conflicts or inconsistencies as may appear in the testimony of the prosecutrix does not of itself support a conclusion of perjury much less the knowing use of perjured testimony. *Lauer v. United States*, 320 F.2d 187 (CA7 1963). The petitioner's burden of establishing the intentional and knowing use of any perjured testimony is not met by pointing out trivial inconsistencies or conflicts in the evidence. *Jackson v. United States*, 258 F. Supp. 175 (N.D.Tex.1966), aff'd, 384 F.2d 375, cert. denied 392 U.S. 932, 88 S.Ct. 2298, 20 L.Ed.2d 1392.

■■■ However, the petitioner in support of his claim "K" does specifically allege that his co-defendant's testimony denying knowledge of any deal for suspended sentence was false and known by the prosecution to be false. See Tr. 15–127. These are sufficient to present a constitutional question which has not been determined factually by any court. The prosecution has an affirmative duty to disclose to the jury any promise of leniency or immunity made to a key witness in a criminal prosecution. *Giglio v.*

*United States*, 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972). The co-defendant obviously was a key witness. The court cannot regard petitioner's allegations simply as bald conclusions. He does allege facts in support of his claim. He states that the co-defendant has bragged to witnesses that he made a deal to save his own skin. He states that he offered witnesses to prove his allegations in the state court post conviction proceedings but the court would not hear them. The respondent's attempt to distinguish *Giglio* on the facts cannot prevail at this time because the facts have not been developed. The petitioner's allegations, if true, and substantiated by proof may entitle him to relief. Since no court has determined this issue on the merits an evidentiary hearing is required, *Townsend v. Sain*, 372 U.S. 293, 83 S. Ct. 745, 9 L.Ed.2d 770 (1963); *Price v. Turner*, 421 F.2d 191 (CA10 1970); *Maes v. Patterson*, 401 F.2d 200 (CA10 1968); *Brown v. Crouse*, 399 F.2d 311 (CA10 1968); *Taylor v. Page*, 381 F.2d 717 (CA10 1967), cert. denied 389 U.S. 1023, 88 S.Ct. 598, 19 L.Ed.2d 670; *Dentis v. State of Oklahoma*, 376 F.2d 590 (CA10 1967); *Hall v. Page*, 367 F. 2d 352 (CA10 1966); *Burns v. Crouse*, 353 F.2d 489 (CA10 1965).

■■■ The petitioner's general claim of "accumulation of errors and prejudicial irregularities" adds nothing to his petition. He merely reiterates those claims already submitted. As to other matters, the court is not bound to search the record for some undisclosed but vitiating circumstances. See *Hilliard v. United States*, 345 F.2d 252 (CA10 1965). The petitioner was entitled to a fair trial but not a perfect one. *Bruton v. United States*, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968).

We conclude therefore that the only claim of substance which requires an evidentiary hearing is petitioner's contention concerning the allegedly perjured

testimony of his co-defendant. The court agrees with the respondent that this issue is one which can be fully developed by the use of interrogatories and cross-interrogatories in lieu of the production of oral testimony. See *Reed v. United States*, 438 F.2d 1154 (CA10 1971). It further appears that petitioner does not have an attorney and is without funds to employ one. In order that effective use of interrogatories and cross-interrogatories be made an attorney will be appointed to represent petitioner.

Accordingly, it is ordered:

1. The depositions of all material witnesses concerning the alleged failure by the prosecutor to disclose a promise of leniency to petitioner's co-defendant who testified as a prosecution witness shall be taken by written interrogatories and cross-interrogatories.

2. The clerk of this court is hereby authorized to permit the petitioner's attorney, to be appointed by separate order herein, to withdraw the court file and any exhibits pertaining to this case.

3. At the earliest possible time counsel for the petitioner shall confer with counsel for respondents, at which conference a list of witnesses for each side and interrogatories and cross-interrogatories to each such witness will be developed. Interrogatories and cross-interrogatories, if any, will then be submitted to each witness for sworn answers and filed in the case within sixty (60) days from the date hereof. When all witnesses have been so interrogated and cross-interrogated and the same filed herein counsel for both sides shall promptly, in writing, jointly so notify the court. Thereupon the case shall be considered as being submitted for determination and decision by the court.

4. The clerk of this court shall mail copies of this Order to petitioner and his attorney and to the respondents.